## FENOUILLE *vs.* HAMILTON.

[DETINUE FOR PROMISSORY NOTE.]

1. *What constitutes purchase of negotiable paper for value in course of trade.*—The doctrine is settled in this State, that one who takes negotiable paper, as collateral security for the payment of a pre-existing debt, is not a purchaser for value in the course of trade ; and the fact that he afterwards grants indulgence, or forbears to enforce his remedies for the collection of his debt, when it is not shown that such indulgence or forbearance was an element of the contract by which he acquired the paper, does not affect the principle.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Louis Fenouille, against Thomas A. Hamilton, to recover a promissory note for $400, made by Francis and Elizabeth Fenouille, dated the 8th July, 1857, and payable one year after date, to the order of the plaintiff. The case was submitted to the decision of the court, with leave to either party to take an appeal to this court, on the following agreed facts :

" The plaintiff was the owner of two promissory notes, each payable to himself, and one of which is the note

sued for in this action; and being about to leave the State for a time, on or about the 11th July, 1857, deposited said notes for collection with one George Aite, and took his receipt for the same,—having endorsed them in blank, in order to enable said Aite to collect them. On his return to Mobile, on the 13th July, 1858, learning that said Aite had transferred said note to defendant, plaintiff made a written demand of said defendant, which is hereto annexed as a part of this agreed case; and the defendant having refused to surrender said note, this suit was brought for its recovery. After the institution of this suit, plaintiff demanded payment of the note from the maker thereof; made affidavit that the note was his, and that he had not parted with the title thereto, but had merely deposited it for collection, and that it was withheld from him; and, on the 10th August, 1858, received from the maker the full amount of the note, except the sum of one dollar, which is yet due on it. The note is now in the possession of the defendant.

"The defendant was the agent of William, Thomas, and M. F. Hagan, who are non-residents, for the management of certain real estate in Mobile; and, on the 24th June, 1856, rented a part of said real estate to George Aite, for one year from the 1st November, 1856, at an annual rent of $350 and repairs. A contract of lease was entered into, which is made a part of this agreed case; and said Aite gave his four promissory notes for the rent, each for $87 50, payable on the 1st February, the 1st May, the 1st August, and the 1st November. On the 26th August, 1857, the parties entered into another lease of the same property, on the same terms, for one year from 1st November, 1857; which lease is also made a part of this agreed case. Aite having failed to make punctual payment of his installments of rent under the first lease, defendant called on him for security therefor, and notified him that, in default of payment or security, he would proceed under the lease, and re-enter into the possession of the premises. In consequence of this demand, said Aite delivered to defendant, on the 21st December, 1857, the note here in suit and another, to be applied when

paid to said rent due and maturing. At that time, said Aite was indebted on two notes past due, each for $87 50, (one of which had matured on the 1st and 4th August, and the other on the 1st and 4th November, 1857,) and also on four other notes, each for $87 50, maturing on the 1st and 4th February, the 1st and 4th May, the 1st and 4th August, and the 1st and 4th November, 1858. This was before the maturity of the note here sued for, and it required a little more than the amount of the two notes thus placed in defendant's hands to pay the amount of rent due and accruing to his principals from said Aite. Upon the receipt of said notes, defendant gave said Aite a written instrument, which is made a part of this agreed case," (and the material portion of which, after acknowledging the receipt of the notes, was in these words : " The understanding on which these notes are left with me is, that if they are, or either of them is, paid at maturity, then the amount so paid is to be a credit on the rent notes of said George Aite, held by us, some of which are past due, and some running to maturity.")

" At the time defendant received these notes, the note here sued for had not matured; and defendant took it, in manner aforesaid, without notice of any defense existing against it in the hands of Aite, or that any other person or persons had any claim to it. He received it in good faith, and in entire ignorance of any fact to show that it did not belong to Aite, or that any invalidity attached to it, or to Aite's title to it; and he holds the possession of said note as such agent. Before said 21st December, and after the 1st November, 1857, said defendant, as agent as aforesaid, on request of said Aite, had consented that the latter might underlet or assign the greater portion of said premises to Thrift, Olds & Co., and said Aite had put them in possession of a part of the premises ; and he or his assigns have collected the rent for the same, amounting to $400, or thereabouts. After said consent was given, defendant became uneasy, and demanded security for the rent due and accruing, and offered to accept the notes of said Thrift, Olds & Co. ; but said Aite represented that he had used them, and promised to give security, and after

wards gave defendant the two notes, as above stated, on the 21st December, 1857. No part of the rent for 1858 has been paid by said Aite, or received by defendant; and the installments due in August and November, 1857, still remain wholly unpaid, except that defendant has collected $91 66 on the other note placed in his hands by said Aite. Upon the receipt of said notes from Aite, defendant took no steps upon said lease, nor on the notes given by said Aite for the rent of said premises; but said Aite, his agents or assigns, have been in the occupation of the said premises, up to the 1st November, 1858, without molestation or suit by defendant or his principals."

On these facts, the court rendered judgment for the defendant, which the plaintiff now assigns as error.

Geo. N. Stewart, for the appellant, cited the following cases: Cullum v. Branch Bank, 4 Ala. 39; Branch Bank at Mobile v. Hallett, 6 Ala. 645; Thompson v. Armstrong, 7 Ala. 258; Andrews & Bro. v. McCoy, 8 Ala. 925; McKenzie v. Branch Bank, 28 Ala. 607; Codrington v. Bay, 20 John. 637; Stalker v. McDonald, 6 Hill, 93; Goodman v. Simonds, 20 Howard, 370; Nicholl v. Bates, 10 Yerger, 433; Napier v. Elam, 6 Yerger, 115; 11 Serg. & R. 377; Edwards on Bills, 321, 372–3.

P. Hamilton, contra, cited 16 Peters, 9–15; 1 Blatchford, 412; 8 Metcalf, 40; 3 Cush. (Mass.) 165; 26 Vermont, 569; 20 Maine, 275; 2 Hill, 301.

A. J. WALKER, C. J.—That one who takes a negotiable paper, as collateral security for the payment of a pre-existing debt, is not a purchaser for value in the course of trade, is a settled doctrine in this State; and although there is a great conflict of authorities upon the point, we are not convinced that we ought to depart from our former decisions.—Boyd v. Beck, 29 Ala. 703; McKenzie v. Bank, 28 Ala. 606; Andrews v. McCoy, 8 Ala. 920; Bank v. Hall, 6 Ala. 639; Cullum v. Bank, 4 Ala. 21.

In this case, there was no other consideration for the

transfer of the note to the defendant than the security of the pre-existing indebtedness of the defendant's endorser. The fact that the defendant may have been led to grant indulgence, or forbear to enforce his remedies for the collection of his debts, does not prove that such indulgence or forbearance was an element of the contract, or the consideration upon which it was made. If there was any forbearance by the defendant, it was a voluntary act, to which he may have been persuaded by the collateral security, and may have resulted from a consciousness of security; but such forbearance was not the result of contract, and is not shown to have been the consideration of it.

Upon the facts before us, the court below ought to have rendered judgment for the plaintiff.

Judgment reversed, and cause remanded.