## LOWMAN *et al.* v. BLAINE COUNTY BANK.

No. 3334. Opinion Filed March 24, 1914.

1. **WITNESSES — Competency — Husband and Wife.** Evidence introduced over objection, examined and held not to be incompetent because of Comp. Laws 1909, sec. 5842 (Rev. Laws 1910, sec. 5050).

2. **BANKS AND BANKING—Deposits—Presumption of Ownership —Garnishment.** Where the answer of the garnishee bank discloses, prior to the service in garnishment, a general deposit to the credit of defendant was made, accompanied by a statement to the bank that the sum belonged to her little girl, but defendant was going to use it to educate the child, etc., held that the statement failed to overcome the presumption that defendant, as depositor, is the owner of said fund standing deposited in her own name.

(Syllabus by the Court.)

*Error from County Court, Blaine County;*
*George W. Ferguson, Judge.*

Action by The Blaine County Bank against A. A. Lowman and M. E. Lowman. Judgment for plaintiff, and defendants bring error. Affirmed.

*Wm. O. Woolman,* for plaintiffs in error.

*I. H. Lookabaugh* and *E. H. Lookabaugh,* for defendant in error.

TURNER, J. On December 10, 1910, in the county court of Blaine county, the Blaine County Bank, as payee, sued A. A. Lowman and M. E. Lowman, as makers, in one count, on a promissory note dated May 10, 1909, for $177.65, and in another on an account which had been assigned to it. As the action on account was subsequently dismissed, of it we will not further speak. There was service on M. E. Lowman only. By verified answer she denied the execution of the note and pleaded also a general denial and other defensive matter not necessary to state. After reply there was trial to a jury and judgment for plaintiff, and she brings the case here. It is assigned that the court erred

in the admission of certain evidence over objection. To maintain the burden that defendant executed the note, plaintiff put the same in evidence and by its cashier proved that on a day prior to the date thereof A. A. Lowman and defendant, M. E. Lowman, were husband and wife; that he being indebted to the bank by promissory note, secured by chattel mortgage, represented to the bank that his wife wanted to borrow some money; that the bank informed him that the loan would be made provided Lowman and his wife would join in a renewal of his said paper and that she would execute a note secured by chattel mortgage for the amount to be loaned her, and her paper stand as collateral to his. Accordingly, on May 10, 1909, the note sued on was signed by A. A. Lowman and secured by his chattel mortgage with the understanding between the bank and Lowman that his wife would call later and execute both, together with a note and chattel mortgage, evidencing her loan of $150, and that, pursuant to said understanding, on May 18, 1910, said Lowman and wife called at the bank, whereupon she did as agreed by signing both sets of papers, and departed with her loan. To maintain the issue on her part she denied that she had signed the note in controversy, or that she had ever been asked to sign it; alleging that she had nothing to do with the indebtedness of her husband to the bank; that when she went to the bank she executed a note and chattel mortgage as security for her loan, and had since paid the note. Thus stood the evidence, when, on rebuttal, the plaintiff introduced the deposition of A. A. Lowman. He testified, in substance, that the arrangement for his wife's loan was made between him and the bank, as stated by the cashier; that in the negotiations therefor he acted as her agent; that he went to the bank with her on May 18, 1910, and that she executed both sets of papers and got her money pursuant to the understanding. It is urged that Lowman was incompetent to so testify because of Comp. Laws 1909, sec. 5842 (Rev. Laws 1910, sec. 5050). Not so, for the reason that, as to the transaction of which he testified, he was her agent.

There was no error in the action of the court in rendering judgment on the answer of the garnishee, in effect, that at the

time it was served in garnishment, there was with it, on general deposit to the credit of defendant, $286.05, placed there with the statement to it that said sum belonged to her little girl, but that defendant was going to use it to educate the child, etc. This, for the reason that said statement in no way affects, much less overcomes, the presumption that defendant, as depositor, is the owner of the fund, standing, as it does, in her own name. (3 Am. & Eng. Enc. Law, p. 831.)

There is no merit in the remaining assignments of error. Affirmed.

All the Justices concur.