[Civ. No. 1840. First Appellate District.—July 6, 1916.]

JAMES W. HAGAN, Respondent, v. EMMA J. HAGAN, Appellant.

TRUST—CONVEYANCE BY HUSBAND TO WIFE—CONFLICTING EVIDENCE— FINDINGS CONCLUSIVE.—In an action by a husband for a decree that his wife holds title to certain real property, conveyed by him to her by gift deed, in trust for his use and benefit, findings based upon conflicting evidence that the wife held an undivided one-half interest in a certain piece of the property in litigation for the use and benefit of plaintiff, but that plaintiff had made a gift of the other property to defendant, cannot be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Morrison, Dunne & Brobeck, and R. L. McWilliams, for Appellant.

Milton L. Schmitt, for Respondent.

RICHARDS, J.—This is an appeal from that portion of a judgment which is in plaintiff's favor in an action wherein the plaintiff seeks a decree that the defendant, his wife, holds the title to several certain pieces of real estate in the counties of Santa Clara, San Diego, and Kern in trust for the plaintiff's use and benefit. The trial court held that the properties in Santa Clara and San Diego Counties were the sole and separate property of the defendant by virtue of certain deeds of gift from the plaintiff to her, but that as to the Kern County property, which the plaintiff had also transferred to the defendant by a conveyance in the form of a deed of gift, she took and held an undivided one-half of the same in trust for the plaintiff's use. It is from this latter portion of the judgment of the lower court that the defendant has appealed.

Practically the only question presented for the consideration of this court is whether the evidence is sufficient to sustain the findings and judgment of the trial court as to the property involved in this appeal.

There are certain undisputed facts which may be first recited. The plaintiff and defendant were married in the city of New York in the year 1887. The plaintiff had been married before and had three daughters. At the time of his second marriage he was forty-five years of age, while the defendant was then but twenty-five years old, and was a schoolteacher, with a salary of from $40 to $50 a month, but with no other income or property. The plaintiff had been for several years a traveling salesman for a large jewelry house, in which he had an interest, and was earning from fifteen thousand dollars to twenty thousand dollars a year. At the time of his marriage he was the owner of some personal and real property, including the Kern County ranch, consisting of about 640 acres of land, which was at that time, however, believed to be of comparatively small value. The married life of plaintiff and defendant was for many years a happy and congenial one. He was a fond, trustful, and doting husband, and she a faithful helpmeet, traveling with him, looking after the details of his financial affairs, collecting his earnings and depositing them in various banks, and drawing upon them and upon his account with his firm at her own pleasure and without any question on her husband's part. At Christmas in 1888, being in Santa Clara County, he bought a lot in San José and gave it to his wife for a Christmas present. In the following year he executed and delivered to her a deed of gift to the Kern County lands. In December, 1890, being in San Diego, he bought, at the suggestion of a mutual friend, the San Diego lot, and gave it also to her for a Christmas present. In the year 1900 he acquired and conveyed to her lands in Tacoma, Washington, by like deed of gift; in fact, the plaintiff at various times conveyed to his wife all of his real estate which he owned before marriage and all that he acquired afterward; and he also practically placed in her control all of·his earnings and personal property. He also had his life insured in her favor in sums amounting to thirteen thousand dollars, some of the policies of which have matured and their amounts become available to her. In the meantime the plaintiff had grown old, and had lost his position and earlier earning capacity and been otherwise unfortunate in certain business ventures. In the year 1911 the plaintiff and defendant quarreled over some trifling financial matter, and the difficulty then occasioned presently involved the whole question

of their property rights. The defendant claimed all of the property which had been given into her hands as her own, and left the plaintiff penniless and practically dependent upon his daughters for support. Thereupon the plaintiff commenced this action to have a trust in his favor declared as to the California property rights.

Thus far the evidence in the case is practically undisputed; and the trial court upon this state of the record was entirely justified in finding that the plaintiff had presented the defendant outright with the title to the Santa Clara and San Diego lots; but as to the Kern County property, the testimony of the plaintiff and of the defendant is in sharp conflict as to the real purpose of the purported gift, the plaintiff testifying that his intention in placing the title to said property in the name of his wife was simply for their mutual protection in view of the perils incident to his nomadic life, and as an assurance of a means of livelihood for them both in their old age; and he also testified to numerous incidents tending to illustrate his claim that they both considered and spoke of it as their common property. The plaintiff is supported in his testimony by the testimony of his three daughters and their husbands as to similar illustrative conversations and incidents occurring between the parties. On the other hand, the defendant testifies that at all times the conveyance of the Kern County property to her was intended and considered to be a gift absolute investing her with the whole title to the property; and in this she also is in a measure supported by the testimony of her relatives and friends.

If the trial court believed, as it was entitled to do, the testimony offered by and on behalf of the plaintiff in preference to that presented by and on behalf of the defendant, we make no question but what a sufficiently clear and convincing case was made justifying the court's decree that the defendant had received and held at least an undivided one-half of the Kern County property for the plaintiff's use and benefit; and the trial court having so decreed upon evidence of such character and conflict, this court will not under well-settled rules disturb the findings and judgment of the lower tribunal.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.