## BAGG et al. v. SHOENFELT.

No. 9194—Opinion Filed Nov. 26. 1918

(176 Pac. 511.)

(Syllabus.)

**1. Depositions — Exceptions — Statute.**

Section 5090, Rev. Laws of 1910, requires exceptions to depositions as a whole to be in writing, to specify the grounds of objection, and to be filed with the papers in the cause before the commencement of the trial; and where, for the first time, oral objections are made to a deposition as a whole when the same is offered in evidence at the trial. it is not error for the court to overrule the ob-

jections, nor do the facts shown in the record (stated in the opinion) justify a noncompliance with the statute.

**2. Witnesses — Parol Agency — Proof.**

An agency resting in parol can generally be proved by the testimony of either the principal or the person who claims to act as agent, and the same rule applies when the purported agent is either the husband or wife of the principal.

**3. Witnesses — Competency — Husband — Agency.**

The husband is a competent witness to testify on behalf of his wife in the trial of a civil action, where the evidence discloses that he acted as her agent in reference to the matters to which his evidence is directed.

**4. Husband and Wife—Wife's Separate Property — Title — Estoppel.**

The filing by the wife of an inventory of her separate personal property in the office of the register of deeds in the county of her residence, in compliance with section 3356, Rev. Laws of 1910, is notice and prima facie evidence of the title of the wife to such property; but the failure to file such an inventory does not in a civil action, estop her to prove her ownership by other evidence.

**5. Husband and Wife—Husband's Agency for Wife—Ownership of Personal Property—Estoppel.**

Where a piano, the separate personal property of the plaintiff, is levied upon and sold under execution as the property of the husband, she is not estopped from claiming the title to said piano by reason of the fact that her husband rented the same as her agent.

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by Will D. Shoenfelt against Charles A. Bagg and the Kroh Music Company. Judgment for plaintiff, and defendants bring error. Affirmed.

Maxey & Brown, for plaintiffs in error.

P. A. Gavin, for defendant in error.

RAINEY, J. This is an action instituted by Will D. Shoenfelt, defendant in error, plaintiff below, against Chas. A. Bagg and the Kroh Music Company, to recover one Steinway piano of the value of $600. By answer the defendants denied that the plaintiff was the owner of the piano and pleaded matters which they claim estopped her to assert title to it. The jury returned a verdict for the plaintiff, upon which judgment was rendered, to reverse which this proceeding in error was commenced. Hereinafter the parties will be styled as they appeared in the trial court.

Plaintiff did not personally appear at the trial, but her deposition was admitted in evidence over the objection of the defendants. The specific objection made to the deposition was that the notary public before whom it was taken failed to certify "that the witness was first sworn to testify the truth, the whole truth and nothing but the truth," as provided by section 5086, Rev. Laws of 1910. The language used in the certificate is, "The witness in the foregoing deposition, named Will D. Shoenfelt, was by me duly sworn." Section 5090, Rev. Laws of 1910, relative to exception to deposition, provides:

"Exceptions to depositions as a whole shall be in writing, specifying the grounds of objections, and filed with the papers in the cause before the commencement of the trial."

This statute was not complied with by the defendants, and no excuse is made in the brief filed on their behalf for failure so to do, although the record shows that when the deposition was offered in evidence at the trial on November 24, 1916, one of counsel for the defendants stated to the court that it was filed on May 11, 1916, opened by counsel for plaintiff on that day, and had been in his possession continuously since said time, which, it was urged, prevented defendants from filing a motion to suppress the deposition or from making any objection thereto before the trial commenced. We do not think the oral showing made when the deposition was offered excused a compliance with the statute, in view of the fact that defendants' counsel, having knowledge of the facts stated by them to the court in making the objection to its introduction, proceeded to the trial of the case without objection. If a timely request had been made before the commencement of the trial for the return of the deposition to the files, in all probability opposing counsel would have produced the deposition and, if they had declined to do so, the court doubtless would have ordered it returned to the files in ample time for defendants' counsel to have reduced their objections to writing and to have filed said objections with the papers in the case as provided by the statute.

C. E. Shoenfelt, husband of the plaintiff, was a witness in her behalf, and it was contended at the trial, and is insisted upon here, that he was an incompetent witness under section 5050, Rev. Laws of 1910. One of the exceptions named in said provision is that the husband or wife may testify for or against each other in transactions where one acted as agent for the other. It would

serve no useful purpose to set out the testimony of this witness in full. He testified in substance, that he acted as agent for his wife in the purchase of the piano and in renting her house and household goods, including the piano, and he narrated the circumstances of these transactions. State National Bank et al. v. Scales, 60 Okla. 225, 159 Pac. 825; Armstrong, Byrd & Co. v. Crump, 25 Okla. 452, 106 Pac. 855; Lowman et al. v. Blaine County Bank, 40 Okla. 519, 139 Pac. 952. It follows that the court did not err in admitting his testimony.

The next assignment of error is that the court erred in not sustaining defendants' demurrer to the plaintiff's evidence, because it did not show title in plaintiff. She testified that she was the owner of the piano and that her husband had purchased it for her. There was other testimony tending to prove her ownership of the piano, but this was sufficient to withstand the demurrer. Anderson v. Kelley et al., 57 Okla. 109, 156 Pac. 1167; Crow v. Crow, 40 Okla. 455, 139 Pac. 122.

The defendants pleaded and offered to prove that the plaintiff had permitted her husband to deal with the piano as his own property, had rented it as his own, that the plaintiff had failed to comply with section 3356, Rev. Laws of 1910, and that for these reasons she was estopped from claiming the piano as her own as against her husband's creditors. Section 3356, supra, provides, among other things, that—

"A full and complete inventory of the separate personal property of the wife may be made out and signed by her, acknowledged or proved in the manner provided by law for the acknowledgment or proof of a grant of real property by an unmarried woman, and recorded in the office of the register of deeds of the county in which the parties reside. The filing of the inventory in the register's office is notice and prima facie evidence of the title of the wife."

If she had filed an inventory of her personal property, including the piano, it would have been prima facie evidence of her title; but there is nothing in the provisions which denies the wife the right to prove her ownership of personal property because of her failure to file such an inventory, and no authorities have been cited, and we have been unable to find any, that so hold. Neither did the fact that the plaintiff had permitted her husband to manage the property for her estop her from proving that he was acting as her agent and that she was the owner of the piano. The matters pleaded did not constitute an estoppel, and the court did not err in rejecting the testimony.

This is a simple case, the sole question in it being whether the piano levied on and sold to the defendant Chas. A. Bagg was the property of C. E. Shoenfelt, the execution debtor, or of his wife, Will D. Shoenfelt. This question of fact was submitted to the jury under proper instructions, which found in favor of the plaintiff. This being true, the rule of caveat emptor applies; for it is well settled that a purchaser of property at an execution sale must take notice of the title for which he bids and that he acquires no greater title than the execution debtor had at the time of the levy.

The judgment is affirmed.

All the Justices concur.