## HUGHES v. SPARKS.

No. 13412—Opinion Filed April 1, 1924.

### 1. Estoppel—Equitable Estoppel — Requisites.

In order to create an estoppel in pais, the party pleading it must have been misled to his injury; that is, he must have suffered a loss of a substantial character, or have been induced to alter his position for the worse in some material respect.

### 2. Same—Lack of Injury.

P. sued H. and L., alleging joint liability on contract. In addition to general denial, H. alleged that P. wrote him a letter stating that L. had paid the debt; that, relying thereon, H. gave L. credit for the amount of P.'s claim in settlement between H. and L. Held, overruling of motion of H. for judgment on such pleadings was not error, since no facts are averred showing that by giving such credit to L., H. lost the amount thereof or altered his position for the worse thereby.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Grant County; J. W. Bird, Judge.

Action by E. E. Sparks against R. H. Hughes and Earl L. Lynam for debt. Judgment for plaintiff. Defendant Hughes appeals. Affirmed.

W. H. C. Taylor, for plaintiff in error.

J. B. Drennan, for defendant in error.

Opinion by ESTES, C. E. E. Sparks, defendant in error, as plaintiff, sued R. H. Hughes and Earl L. Lynam, as defendants, alleging that at the special instance and request of defendants, plaintiff threshed a quantity of wheat, whereby defendants became indebted to the plaintiff in the sum of $251.50; that defendants had paid all of same except the sum of $80. For this sum, judgment was demanded. Parties will be referred to as they thus appeared. Defendant Hughes by separate answer denied that he had contracted with or requested plaintiff to do such threshing or authorized any other person thereunto. He alleged that he owned the farm and was interested in the crop of wheat threshed by plaintiff; that such threshing was done by plaintiff on the personal contract of codefendant, Lynam, the tenant, and that Lynam had paid for same. Hughes further averred:

"That the plaintiff herein, on the 13th day of November, 1920, wrote a letter to this

defendant stating that the threshing bill was paid in full, and that so acting upon said statement this defendant made full settlement with his tenant Lynam, and by reason of believing from the letter of plaintiff, that his threshing bill had been paid in full, he allowed said Lynam to take credit for said threshing bill, relying upon the statement of the plaintiff Sparks, that he had received his full pay for such work."

Hughes exhibited a copy of said letter in which Sparks stated that Lynam had settled the bill in full. Plaintiff Sparks replied to said answer of Hughes by general denial, and further alleged that Lynam delivered to him a check for the amount of the threshing bill and at same time requested him to advise Hughes that the bill had been paid in full; that thereupon he wrote Hughes the said letter; that the plaintiff deposited said check in the bank, and that the payment thereof was refused on account of insufficient funds; that thereafter there was paid on said check all of said bill except $80. Thereupon, defendant Hughes filed motion for judgment on the pleadings. This motion was, by the court, overruled, to which ruling defendant Hughes excepted. On trial, judgment on verdict was for plaintiff for said amount. The cause is lodged in this court on transcript of the record.

It is assigned that the trial court erred in overruling the motion of defendant Hughes for judgment on the pleadings, and that the court erred in rendering said judgment on the verdict, upon the cause of action stated in the pleadings.

Among the rules announced in Mires v. Hogan, 79 Okla. 233, 192 Pac. 811, these are applicable. A final judgment is a part of the judgment roll and its correctness can be tested, as in the instant case, among other things, by an examination of the pleadings. A judgment on the pleadings is rendered, not because of lack of evidence or proof, but because of lack of issue of fact. Such motion can raise only such questions as are raised on general demurrer, and issues of fact cannot be determined on such motion. Such motion can never prevail unless upon the facts established by the pleadings, the court, as a matter of law, can pronounce judgment on the merits for one or the other of the parties.

Applying these rules to the pleadings described herein, it is evident that there is only one possible theory on which the motion of defendant Hughes for judgment on the pleadings could have been sustained—equitable estoppel of Sparks by the said letter, stating that the bill was paid by Lynam. One of the essentials of such estoppel is that

the party pleading same must have been misled to his injury. In 21 C. J. 1135, it is said:

"In order to create an estoppel in pais, the party pleading it must have been misled to his injury; that is, he must have suffered a loss of a substantial character, or have been induced to alter his position for the worse in some material respect." See Citizens' Bank of Wakita v. Garnett et al., 21 Okla. 200, 95 Pac. 755; State National Bank et al. v. Scales, 60 Okla. 225, 159 Pac. 925.

Plaintiff pleaded a joint and several obligation against Hughes and Lynam. By the denial of Hughes an issue of fact was raised in their behalf. Because of the manner of this appeal no question involving evidence can be reviewed. Hughes alleges that, acting upon said letter from Sparks, the plaintiff, he made settlement in full with his tenant Lynam, and believing from said letter that said bill had been paid in full, he allowed Lynam to take credit for the amount of the bill. It is not alleged that, by allowing such credit, Hughes lost the amount of same, or that Lynam cannot or will not repay same to Hughes. If, as Hughes alleges, he is not liable, he could recoup himself by simple demand upon Lynam for the amount —for aught that appears in his answer. The plea of estoppel fails to show substantial loss or damage done to Hughes by relying and acting upon said letter. It fails to show that Hughes, by giving such credit to Lynam, altered his position for the worse.

It is recommended that the judgment of the trial court be affirmed.

By the Court: It is so ordered.