## SPENCER v. FIRST NAT. BANK OF ALVA.

No. 15566—Opinion Filed Feb. 16, 1926.

### Estoppel—Essentials — Alteration of Situation.

It is the very essence of an estoppel that the person claiming the benefits thereof was induced thereby to do the things which he did; and one who has not altered his situation in reliance upon the conduct or statement urged, cannot predicate an estoppel thereon.

((Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by the First National Bank of Alva, against George Kelley, Robert Spencer, and Emma Kelley. Judgment for plaintiff, and defendant Robert Spencer brings error. Affirmed.

R. M. Chase, for plaintiff in error.

E. W. Snoddy, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Woods county, Okla., by the First National Bank of Alva, a corporation, defendant in error, plaintiff below, against George Kelley, Robert Spencer, and Emma Kelley, defendants below, Robert Spencer being plaintiff in error here, the other two defendants having made no defense in the trial court, to recover on a note in the principal sum of $829.64, with interest thereon and ten per cent. attorney's fees, and for costs.

The First National Bank of Alva will be referred to as plaintiff and Robert Spencer as defendant, as they appeared in the lower court.

The petition is in the regular form of a straight action upon a promissory note. The defendant answered by way of general denial, and alleged that he was a mere surety on the note; that the same had been paid by the giving of a new note at the bank by his codefendant, George Kelley, and by deposit with the bank receipts for 1,000 bushels of wheat stored in the Alva Roller Mill, in accordance with a verbal understanding between the parties agreed upon at the time the note was signed by him, which was being held for an increase in price, and pleaded that the plaintiff was estopped from holding this defendant liable upon the grounds that an officer of the bank had informed him that the note had been paid and discharged by the execution of the new note and the deposit of the storage receipts for the wheat with said bank, and that he had no further obligation or responsibility to the bank on account of said note; that at the time these representations were made the wheat had not been sold, and he could have protected himself by having the said wheat sold and the proceeds applied to the payment of the same, but that said bank permitted the said Kelley to sell said wheat and dissipate the proceeds thereof, and that said Kelley was insolvent and had no property subject to execution, and that he did not know that he was being held responsible for the payment of said note until long after the wheat had been sold and the proceeds dissipated, and that he did not then have any way to protect himself, and that this condition was brought about by the wrongful acts and representations made to him by the officer of the plaintiff bank.

Plaintiff replied by way of general denial. The cause proceeded to trial before the court and jury, and the jury returned its verdict in favor of the plaintiff and against the defendant in the sum of $950. Plaintiff filed its remittitur for the sum of $43.94, leaving the amount of the verdict upon which judgment was rendered in the sum of $906.06. Motion for new trial was duly filed, heard, and overruled; exception reserved by the defendant, and the cause comes regularly upon appeal to this court for review.

There is but one assignment of error urged by counsel for defendant Spencer in his brief, which is that the court erred in refusing to submit to the jury the question of estoppel. That part of the instructions, which was duly excepted to at the time and complained of, is as follows:

"The defendant's answer pleads certain other matters, facts and representations made by the said plaintiff, by reason of which he claims the plaintiff is estopped to ask for judgment against him on the note in controversy.

"It is essential to an estoppel of this kind that the person asserting such estoppel shall have done or omitted some act or changed his position in reliance upon such conduct or representations of the person sought to be estopped, which said act of omission or commission, or changed position, resulted to the prejudice and injury of the person setting up the estoppel. There is no evidence in this case of any changed position of the defendant to his injury because of the things complained of by him on the part of the bank, for which reason the question of estoppel is not submitted to you for consideration."

The last sentence of the above-quoted section is relied upon by counsel for defendant for reversal of this cause.

The evidence shows that the note was signed by the defendant as a principal, together with his other two codefendants; that a chattel mortgage was given on four horses and an old automobile; that the defendant George Kelley owed this note and two or three other notes at the bank; that this note and other notes were joined together in one note for $1,088.39, but the note sued on and the other notes, which went to make up this amount, were never surrendered to George Kelley, but that Mr. Nichols, president of the bank, who had charge of the transaction, instructed N. A. Gettings, assistant cashier of the bank, in the presence of George Kelley at the time, to take the $1,088.39 note and hold the other notes, which included the note in controversy here, and to treat the $1,088.39 note as a memorandum note, and hold all the security given for the other notes that went to make up the memorandum note; that there were storage receipts for 1,000 bushels of wheat at the Alva Roller Mill deposited in the bank by George Kelley, but that these receipts were never assigned to the bank; that there was a mortgage against this wheat and a judgment on debt and garnishment proceedings against the wheat in favor of Tyree Brothers, and that when the wheat was sold and the mortgage debt and judgment debt and the debt for hauling the wheat were paid, there remained a balance due on the wheat of $433.50 and a check was given by the purchaser to the First National Bank and George Kelley, together, as payees; that the bank and George Kelley cashed this check, and the bank applied the money received from this check to the payment of the other notes held by the bank against George Kelley, and applied none of the proceeds to the payment of the note sued on here, signed by the defendant Spencer; that the horses included in the mortgage given to secure the payment of the note sued on were sold and the expenses of the feed and the sale deducted, and the net proceeds from said sale applied to the payment of this note; that the automobile, included in the mortgage, was turned over to the bank, and was sold and the proceeds accounted for at the trial to be applied on this note, so that under the evidence in this case all of the property mentioned in the chattel mortgage, given for the security of the note sued on, was credited against the note, and the defendant does not and cannot complain that he was deprived of any right upon this proposition. He cannot complain of the action of the bank in regard to the wheat transaction, for the reason that the proceeds from the sale of the wheat had to be applied to the payment of the mortgage against the wheat and to the judgment in garnishment against it, and Kelley, the owner of the wheat, and the plaintiff bank, having gotten a check for the balance remaining in their joint names, it is a fair presumption to be indulged that the bank and Kelley cashed this check and applied the proceeds to the payment of Kelley's other notes, which they had a right to do, and this question was submitted to the jury upon a proper instruction upon the application of payment.

The further question, as to whether the giving of a new note constitutes payment of prior ones, was submitted to the jury upon an instruction that the question depended entirely upon the agreement of the parties to the contract, and that, in the absence of an understanding or agreement to that effect, a new bill or note was not a payment of the instrument, and that where a new note was taken without such understanding, but was held as a memorandum or collateral note, then the original obligation remained in full force and effect, and that the doctrine of accord and satisfaction must have been within the understanding of the parties, and the transaction was considered by them at the time to have been a settlement of the earlier transaction, and this instruction was not objected to, nor any exceptions saved by the defendant.

As to whether the defendant was misled to his detriment by his conversation with the cashier of the bank, who had nothing to do with the taking of the new note, and whose investigation was made after banking hours, when he did not have time to examine all of the books and papers of the

bank in regard to the transaction and did not have access to all of the records of the bank, in which the said cashier stated to him that it appeared a new note had been given in satisfaction of the old note, and that the wheat receipts had been deposited with the bank and that the defendant had no further responsibility in regard to the note sued on, which afterwards turned out to be a mistake, would be sufficient to raise the question of estoppel against the bank, must be determined by the facts in the case and the law applicable thereto. There can be no question that nothing has ever been paid upon the note sued on in this case, except the credits allowed for the proceeds derived from the mortgaged property, and this, in our view of the case, is all that the defendant could claim he had a right to. If there had been any amount of money remaining over from the sale of the wheat to be applied upon this note, it would have been proper to have credited the same on the note, and we do not see how the defendant was misled to his detriment in this case, or that his position was changed in any respect, by his reliance upon the conversation had with the assistant cashier, who was not conversant with the transaction.

The attorney for defendant has not favored us with a single citation of authority in support of his contention, and, under such circumstances, this court will indulge the presumption in favor of the correctness of the judgment of the trial court, as was held by this court in the case of Carignano v. Box, 97 Okla. 184, 223 Pac. 673, and the authorities cited therein.

This court, in passing upon the doctrine of estoppel, in the case of Williamson-Halsell-Frazier Co. v. King, 58 Okla. 120, 158 Pac. 1142, said:

"It is the very essence of an estoppel that the person claiming the benefits thereof was induced thereby to do the things which he did; and one who has not altered his situation in reliance upon the conduct or statement urged cannot predicate an estoppel thereon."

See, also, Condit v. Condit, 66 Okla. 215, 168 Pac. 456; Hughes v. Sparks, 98 Okla. 208, 224 Pac. 957; Rosen v. Martin, 102 Okla. 65, 226 Pac. 577, which cases are to the same effect.

Upon the whole record in this case, we are clearly of the opinion that the judgment of the trial court is free from any reversible error, and it should therefore be and it is hereby affirmed.

The First National Bank of Alva prays for judgment upon the supersedeas bond filed by Robert Spencer, and upon examination, we find that the supersedeas bond was given by Robert Spencer, as principal, and J. F. Devous and J. E. Guthrie, as sureties, in the sum of $2,000, to secure the payment of the judgment for $906.06, attorney's fees in the sum of $87, and costs. It is therefore ordered, adjudged, and decreed that the First National Bank of Alva have and recover upon said supersedeas bond the sum of $906.06, attorney fees in the sum of $87, and costs of the suit of and from said Robert Spencer, as principal, and J. F. Devous and J. E. Guthrie, as sureties, upon said bond.

By the Court: It is so ordered.

Note.—See under (1) 21 C. J. p. 1133 § 134; 10 R. C. L. p. 697; 2 R. C. L. Supp. p. 1046; 4 R. C. L. Supp. p. 673.