IRION v. GRIFFIN et ux.

No. 32265.    June 18, 1946.

*170 P. 2d 226.*

Homer Caldwell, of Oklahoma City, for plaintiff in error.

T. F. Weiss, of Oklahoma City, for defendants in error.

CORN, J.   Max E. Griffin and Faye M. Griffin brought this action against Fred G. Irion in forcible entry and detainer in the justice of the peace court. The bill of particulars alleged they were owners and entitled to immediate possession of premises described as 2823 N. W. 40th street, lot 25, block 4, West Highland Gardens Addition to Oklahoma City, Okla.

The action was tried in the justice court on November 22, 1944, and resulted in a jury verdict for plaintiffs. Defendant then filed appeal bond and the cause was appealed to the common pleas court.   A jury was waived and the cause tried to the court, again resulting in a judgment for plaintiffs.

The evidence showed plaintiffs had owned this property for several years and defendant and his family had occupied the premises for about three years as tenants.   The title to the property was in Mrs. Griffin's name, but Mr. Griffin had personally attended the rental and management of the property.

Plaintiffs both signed the complaint and the notices to vacate, which were given because plaintiffs desired to remodel the property, a one-family residence, into a duplex or two-unit property.

At the trial the parties stipulated that the Office of Price Administration had been notified of the filing of the action as required by rent regulation, and that the returns on all notices, which were served as required, were true.   Defendant's attorney further stipulated concerning certain portions of O.P.A. rental control regulations, to which we shall refer later.

The assignments of error are presented under two propositions:   First, the trial court erred in overruling defendant's demurrer to plaintiffs' evidence. The first ground upon which this argument is based is the claim that plaintiffs failed to comply with regulations concerning eviction of tenants under rent control regulations of the Office of Price Administration.

Subdivision 5, section 6-a of such rent regulations, stipulated by parties as governing in this case, provides:

"Demolition or Alteration by Landlord.   The landlord seeks in good faith to recover possession for the immediate purpose of demolishing the housing accommodations or of substantially altering or remodeling it in a manner which cannot practically be done with the tenant in occupancy and the plans for such alteration or remodeling have been approved by the proper authorities, if such approval is required by local law."

While the complaint originally filed in the justice court did not allege plaintiffs' intention to comply with the above regulation, the notices served upon defendant did advise defendant such was plaintiff's intention. Defendant stipulated at the trial that the proper notices were given the Office of Price Administration. Plaintiff did testify concerning the intention to remodel the property and the manner in which this was to be done.

We are cited no authority by defendant to support the argument that plaintiffs failed to comply with necessary regulations concerning eviction. Neither are we shown wherein plaintiffs' failure to allege in the bill of particulars the purpose for which eviction was sought should be fatal to plaintiffs' cause of action. Furthermore, having stipulated that returns of the eviction notices were true, and that the Office of Price Administration was properly notified of this action, we are of the opinion defendant cannot now raise the question as to whether the required notices were filed in the rent control office.

Defendant neither claimed nor attempted to prove in the trial court that local law required approval of plaintiffs' plans for remodeling these premises.

Defendant further contends that the evidence failed to disclose a proper notice of termination of defendant's tenancy was ever served. Defendant asserts that our statute (60 O.S. 1941 §§ 44 and 45) provides that a tenancy may be terminated by the landlord giving the tenant notice to vacate; and section 45 provides such notice must be in writing. Then defendant asserts that 41 O.S. 1941 § 4 provides:

"Thirty days' notice in writing is necessary to be given by either party before he can terminate a tenancy at will, or from one period to another, of three months or less; but where in any case rent is reserved, payable at intervals of less than thirty days, the length of notice need not be greater than such interval between the days of payment. R.L. 1910, § 3786."

Defendant states that the length of notice required to be given is determined from the period of the tenancy, which is correct. However, defendant then attempts to argue that plaintiff should show the length of the tenancy, and that the record does not reflect what the defendant's rent-paying date was, or the term of tenancy.

The record shows that plaintiff personally signed and served the 30-day notice to vacate on the defendant. Plaintiff testified the monthly rental was $18. Defendant's testimony was that he or his wife paid the rent as same fell due, either by check or cash. At the trial defendant did not attempt to defend on the ground the statutory notice as given was defective because of any failure to allege and prove the rent-paying period, or the term of tenancy.

The second contention is that the trial court erred in admitting evidence on behalf of plaintiff over defendant's objection. This is based upon the fact it appeared at the trial that title to the property was in the name of plaintiff's wife, by inheritance. Defendant insists that by reason of 12 O.S. 1941 § 385, the plaintiff's testimony was not competent, since he was not the proper party and there was no showing he acted as the agent of his wife, Faye M. Griffin.

Section 385, supra, in part provides as follows:

"The following persons shall be incompetent to testify: . . .

"3. Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterwards."

It is settled in this state that a husband is a competent witness to testify that he acted as an agent for his wife. Stewart v. Riddle, 76 Okla. 70, 184 P. 443. Where the agency rests in parol it can generally be proved either by the principal or the one claiming to act as the agent. State Nat. Bank v. Scales, 60 Okla. 225, 159 P. 925; Bagg v. Shoenfelt, 71 Okla. 195, 176 P. 511. Where the evidence discloses husband acted as agent for his wife, he is competent to testify with respect to the agency. Bennett v. Winfrey, 173 Okla. 441, 50 P. 2d 363; City of Bristow v. Schmidt, 170 Okla. 338, 40 P. 2d 658.

The record shows defendant's wife rented the premises from the plaintiff. Both defendant and his wife paid rent to plaintiffs, and recognized plaintiff's authority for the control and management of the premises; defendant had discussed with plaintiff the matter of plumbing repairs. Under these circumstances, coupled with plaintiff's uncontroverted testimony that he acted as agent for his wife, the record owner, there is no substantial merit in defendant's argument that the record is devoid of any evidence tending to establish plaintiff was the agent of his wife. Therefore, it follows that plaintiff's testimony was properly admitted, and there is sufficient competent evidence to support the judgment rendered.

Judgment affirmed.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.