ARMSTRONG, BYRD & CO. v. CRUMP.

No. 313.　Opinion Filed January 11, 1910.

(106 Pac. 855.)

1. **PLEADING—More Definite and Certain—Motion Not Demurrer.**
A motion, and not a demurrer, should be filed by a party who seeks to have a pleading made more definite and certain.

2. **WITNESSES—Competency of Wife in Defendant's Behalf.** It is not error to permit the wife of a defendant to testify in his behalf on trial of a civil action, where the evidence discloses that she acted as agent in reference to the matters to which her evidence is directed.

3. **PRINCIPAL AND AGENT—Creation of Relation—Admissibility of Statements of Agent.** In a case where a party to an action refers another to a third person for information in regard to a matter under dispute, agreeing to abide such third party's decision, he thereby makes such third person his agent in regard to such matter, and the statements and declarations of such third person, made within the scope of the reference, are competent to be proven against him as his own.

4. **APPEAL AND ERROR—Harmless Error — Admission of Evidence to Prove Admitted Facts.** Under section 5648 of the Compiled Laws of Oklahoma of 1909, the allegation of any appointment or authority is taken as true, unless the denial of the same be verified by affidavit of a party, his agent, or attorney. The defendant alleged that a certain party was the agent of plaintiff, which allegation was undenied, as above required. Evidence was offered on the trial of the cause to establish the agency thus admitted. Held, that the reception of the same was not prejudicial error.

5. **APPEAL AND ERROR—Verdict on Conflicting Evidence—Conclusiveness.** When controverted questions of fact are submitted to a jury, and the evidence adduced is conflicting and contradictory, but there is competent evidence reasonably tending to support the verdict, and the trial court approves the same, and renders judgment in accordance therewith, and a motion for new trial is denied, this court will not disturb the verdict of the jury and the judgment of the court on the weight of evidence.

6. **APPEAL AND ERROR—Harmless Error in Instructions.** In an action for the purchase price of a piano sold on a written warranty, which warranted the instrument against defects in ma-

terial or workmanship and provided that it should be in all respects an exact duplicate of another piano, conceded to be a good instrument for the purpose and uses intended, the fact that the court in one of its instructions stated to the jury that, "In every contract of sale there is always the implied warranty that the article sold is fit for the use to which it is usually put" will not require a reversal of the case, as such instruction was not prejudicial; it being apparent that the instruction, though inaccurate and inapplicable to the facts of the case, yet when applied to the issues and evidence before the jury could not have misled it as to its real duty.

(Syllabus by the Court.)

*Error from Seminole County Court; T. S. Cobb. Judge.*

Action by Armstrong, Byrd & Co. against George C. Crump. Judgment for defendant, and plaintiff brings error. Affirmed.

*J. A. Baker,* for plaintiff in error.

*B. B. Blakeney* and *Crump, Rogers & Harris,* for defendant in error.—On harmless error in admission of evidence of verbal warranty: *Tufts v. Verkuyl* 124 Mich 242; *Little v. Van Syckle,* 115 Mich. 480.

DUNN, J. This case presents error from the county court of Seminole county. Plaintiff in error, as plaintiff in the court below, brought its action against George C. Crump to recover on certain promissory notes, given by him for a piano sold by the plaintiff The defendant answered, setting up that the piano was sold upon an oral warranty that the same would be in all respects identical with an instrument sold to one H. E. Rogers, and that defendant, relying upon his warranty, had purchased the piano. That the instrument was not as warranted, but so constructed as to be totally unsuited, unfit, and worthless for the purposes for which it was purchased and intended. That on complaint being made plaintiff orally agreed to examine the piano, and sent as its agent one W. S. Snyder to make the examination of the same, and who, upon said examination, reported the piano to be worthless. Whereupon defendant, under plaintiff's instruction, returned the piano to the factory, under an agreement that the same should be reconstructed and rebuilt. That the piano when

returned from the factory was still in the same faulty condition complained of, and worthless as a musical instrument. That defendant demanded of plaintiff that it supply him with a new instrument according to the warranty, or refund the money which he had paid therefor. That plaintiff agreed to do so, but afterward refused. By reason of the foregoing defendant averred that the consideration which had been paid and for the notes on which suit was brought had failed, and asked for a judgment for the return of his money. In a cross-petition he set up practically the same facts, except it was averred that the statements made by plaintiff were false, and were known at the time to be so. That they were made for the purpose of deceiving defendant, and that defendant, not knowing them to be untrue, but believing in and relying on the same, made the payments, and gave the notes as set out. The return of the piano was tendered, and judgment asked for damages. A trial was had to a jury, and a verdict rendered for the defendant, on which judgment was entered, to reverse which plaintiff in error has brought the case to this court by petition in error and case-made.

The first alleged error presented for our consideration is that arising on the overruling of a demurrer which was filed by the plaintiff to the answer and cross-petition of the defendant. The defects sought to be reached by the demurrer were that the pleading set up in one part that the warranty was oral, and another that it was in writing, and that the contract of which plaintiff complained was in writing, and should have been copied into the pleading. Further, that if there was anything set up by the answer, it was that the piano sold to defendant was the same kind and quality as the one sold to Mr. Rogers, and yet that it was not shown by the answer wherein the piano sold differed from the one sold to Mr. Rogers, and that on such answer plaintiff was required to respond without being informed wherein the defects lay, nor in what particular the same was unfit as a musical instrument, and hence valueless and worthless. None of those defects, if they may be such, in this pleading are vulnerable on demurrer. Counsel appearing for defendant might have been re-

quired, on proper motion, to have made his pleading more defi-
nite and certain in the particulars mentioned, but its uncertainty
or indefiniteness of statement is not subject to challenge by de-
murrer, but by a motion. Section 5629 of the Compiled Laws of
Oklahoma of 1909 sets out the different grounds upon which a
party may demur, and none of the defects insisted on are among
them.

The next claim of counsel is that it was error to permit the
wife of defendant to testify on the trial. Section 5842 of the
Compiled Laws of Oklahoma of 1909 provides that the following
persons shall be incompetent to testify (subdivision 3):

"Husband and wife, for or against each other, except con-
cerning transactions in which one acted as the agent of the
other," etc.

Parol authority of agency can generally be proved by the
testimony of either the principal or the person who claims to be
the agent. *Ream et al. v. McElhone,* 50 Kan. 409, 31 Pac. 1075.
And the foregoing rule is not changed when the purported agent
is the husband or wife of the party. *Wichita & W. Railroad Co.
v. Kuhn,* 38 Kan. 104, 16 Pac. 75; *Pfefferle v. State,* 39 Kan.
128, 17 Pac. 828; *Paulsen v. Hall,* 39 Kan. 365, 18 Pac. 225.
Both Mr. and Mrs. Crump testified positively to facts showing
that she was under his express direction, acting as his agent in
all the transactions about which she testified subsequent to the
purchase of the piano, and after the lodgment of the complaint
with plaintiff. Moreover, in the absence of the husband from
home, if the wife acts in protection of property claimed by him,
and within the time limits, although without any express direction
or agreement, she is acting as his agent, and will be a compe-
tent witness, in an action by or against him, as to what she does
in relation therewith. *Fisher et al. v. Conway,* 21 Kan. 18, 30
Am. Rep. 419. It is contended, however, that her testimony re-
lating to what was said to her by Snyder, the agent of plaintiff,
concerning the piano on the occasion of his being sent there by
plaintiff to investigate the complaint made and to examine the
piano, was incompetent, and that its admission was error. Mrs.

Crump was sent by her husband to Oklahoma City for the express purpose of calling on plaintiff in reference to the piano. On arriving there and going to plaintiff's establishment, she met Mr. Armstrong, a member of the firm, who stated to her that he would send Snyder down. He informed her that Snyder had been in their employ for about eight years, and was an expert, and that, "Whatever Mr. Snyder says, we will abide by it." Snyder, pursuant to instructions, came to the home of defendant in defendant's absence, and there inspected the piano. Mrs. Crump testified that he worked on the piano for something like an hour and a half, or two hours, and then said to her:

"Mrs. Crump, I will have to admit this piano is not right. I thought I could fix those notes so that it would do better, but I admit it is not all right. * * * There is something wrong. It is in the build of the piano."

To this evidence plaintiff objected and moved that it be stricken from the record, which was overruled, and this is the basis of plaintiff's complaint.

While declarations and acts of an agent outside of his authority are not binding upon his principal (*Gillespie et al. v. First Nat. Bank,* 20 Okla. 768, 95 Pac. 220), it is equally true that declarations and acts of an agent are evidence against his principal if made while executing an authority conferred upon him, and relating to his business, and within the scope of his authority. *Matzenbaugh v. People,* 194 Ill. 108, 62 N. E. 546, 88 Am. St. Rep. 134; *Carney v. Hennessey,* 74 Conn. 107, 49 Atl. 910, 53 L. R. A. 699, 92 Am. St. Rep. 199. In this case it was testified and undenied that Mr. Armstrong, on account of the controversy and at the time, commissioned Snyder, an admitted agent, to examine the piano, and bound himself by the declaration and acts of his agent by the assertion to Mrs. Crump that, "Whatever Mr. Snyder says, we will abide by it." The rule in matters of this character is stated by 16 Cyc. p. 1018, as follows:

"A declaration, competent as an admission, may be made by one to whom the party to be affected by it has sent another for information on a given point, agreeing expressly or by implica-

tion to be so affected; a relation of agency within the scope of the reference being established by it."

The same rule is stated in Encyclopedia of Evidence, p. 581, as follows:

"A party by referring to another for information thereby, in effect, authorizes such person to state the facts, and any admissions made within the scope of the reference are competent to be proved against him, as his own."

The rule so stated also finds support in the following authorities: 1 Greenleaf on Evidence (16th Ed.) § 182; 1 Elliott on Evidence, § 258; *Wehle v. Spelman et al.,* 1 Hun. (N. Y.) 634; *Over v. Schifling,* 102 Ind. 191, 26 N. E. 91; *Chapman v. Twitchwell,* 37 Me. 59, 58 Am. Dec. 773; *Chunot v. Larson,* 43 Wis. 536, 28 Am. Rep. 567; *Thayer v. Davis,* 75 Wis. 205, 43 N. W. 902; *Chadsey v. Greene,* 24 Conn. 562. The investment of this agent with the authority conferred within its scope gave him the same power in reference to the piano that the plaintiff itself would have had; and, if the statement would have been admissible given by a member of the firm, it was admissible when given by an agent so constituted and empowered.

Nor is there error in the fact that Mrs. Crump was permitted to testify that Snyder was the agent of the plaintiff as she learned this fact from plaintiff while acting within the scope of her own agency. Moreover, the averment of authority as such agent is contained in the answer of the defendant, and, under section 5648 of the statutes, this is established as a fact unless denied under oath, and there was. no such denial of the same. *Moore et al. v. Emmert,* 21 Kan. 1. Hence any testimony to this point was clearly unprejudicial, as it went only to the establishment of a fact which was already admitted.

The theory upon which both parties tried the case was that the contract of sale and warranty was made up of the order given by defendant, on which the piano was shipped, the notes signed, and a written warranty, the terms of which were contained in a printed catalogue published by the manufacturers of the piano sold. The order was partly printed and partly written, signed

by the defendant. The original was lost, and could not be produced on the trial. The contention of the defendant, supported by corroborating evidence, was that on the face of the order he inserted a clause that "The piano this day sold is to be an exact duplicate of one sold to H. H. Rogers." It was the claim of plaintiff that the language of this written order was "the piano to be the same make and style as the piano sold to H. H. Rogers." It is conceded by both parties that the Rogers' piano was a good instrument. The evidence introduced on the part of the defendant, who assumed the burden in the case, was, in substance, to the effect that the piano sold did not meet the standard fixed; that its mechanism was such that some of its tones were loud and harsh, and a number of the notes were flat, and that altogether as a musical instrument it was a complete failure. The testimony on the part of the plaintiff, as given by Mr. Armstrong, referring to the Rogers' instrument, was that the piano was the same make of piano, the same style, and action, and just as much the same piano as any two pianos could be built, both being style 52, Emerson; the only difference being that Mr. Crump's was one number and Mr. Rogers' another. Upon the issues so made and the evidence introduced the case went to the jury; and, as there is evidence reasonably tending to support the verdict, the judgment rendered thereon is not reviewable by this court. *McMaster v. City National Bank of Lawton,* 23 Okla. 550, 101 Pac. 1103; *Strickler v. Gitchel,* 14 Okla. 525, 78 Pac. 94; *Kramer v. Eging,* 10 Okla. 357, 61 Pac. 1064; *Everett v. Akins,* 8 Okla. 184, 56 Pac. 1062; *Archer et al. v. U. S.,* 9 Okla. 569, 60 Pac. 268; *Kuhl v. Supreme Lodge, Select Knights and Ladies,* 18 Okla. 383, 89 Pac. 1126; *Wade v. Cornish et al.,* 23 Okla. 40, 99 Pac. 643.

Counsel for plaintiff also complains that the court instructed the jury that, "In every contract of sale there is always the implied warranty that the article sold is fit for the use to which it is usually put." So broad a statement of the law cannot be sustained, but that the giving of the instruction in which this was contained in the case at bar was error we cannot concede. Cer-

tainly a seller and a purchaser may deal with an absolute under-
standing that there is no warranty whatsoever given by the sel-
ler to the purchaser on the article involved. They may agree
that the purchaser shall take it just as it is, and with the fullest
burden of the rule of *caveat emptor* upon him. In such a case
necessarily there would be no implied warranty that the "article
sold was fit for the use to which it is usually put." In the case at
bar, under the finding of the jury, the piano sold was to be free
from defects in material and workmanship, and an exact dupli-
cate of the one sold to H. H. Rogers, which it is conceded was a
good piano, and suitable for the use to which the one here sold
was to be put. Under the theory of both parties to this case, if
this piano had been equal in all respects to the Rogers' piano, it
would have filled and complied with a warranty that it was fit for
the uses for which it was purchased or to which a piano is usually
put. So that, while the court in this instruction has made inac-
curate statement of the law, and so far as the case before us is
concerned, inapplicable, plaintiff is not injured thereby, for the
warranty given, as found by the jury, was equally as high or
higher then the one required under the instruction of which com-
plaint is made. The Supreme Court of Michigan, with this same
question before it in the case of *Tufts v. Verkuyl*, 124 Mich. 242,
82 N. W. 891, in the syllabus of that case said:

"In an action on a written contract of sale, the admission of
evidence of a verbal warranty such as would be implied from
the contract itself—e. g., that the property was suitable for the
purpose for which it was bought—not error, since it does not
change the terms of the writing."

To the same effect. see, also, *Blackmore v. Fairbanks, Morse
& Co.*, 79 Iowa, 282, 44 N. W. 548; *Alpha Checkrower Company
v. Bradley & Co.*, 105 Iowa, 537, 75 N. W. 369.

We have not only read the briefs of counsel in this case, but
have carefully read the entire record. The case was tried on the
same theory by both parties, and the evidence offered practically
all admitted, and the verdict of the jury predicated thereon finds
fair and reasonable support therein. To our minds there was no

prejudicial error committed by the court, either in its ruling upon the admission of evidence, or in its instructions, so that plaintiff's chief complaint arises from the fact that the jury's verdict was for the defendant, when it contends it should have been for the plaintiff. This is an error, if it be such, with which under the state of the record we cannot deal.

The judgment of the lower court is accordingly affirmed.

All the Justices concur.