## McDONALD v. COBB.

No. 5195.   Opinion Filed November 23, 1915.

(153 Pac. 138.)

1.  **TRIAL—Argument of Counsel—Cure by Instructions.** Where counsel for the prevailing party, in his argument to the jury, makes remarks which, in effect, advise the jury as to the law on a certain issue of the case, and objections are made thereto by opposing counsel, and sustained by the court. and after the close of the argument the court instructs the jury with reference to such remarks, and admonishes it not to consider the same, but to follow the court's instructions as to the law of the case, **held,** that such remarks are improper, but not prejudicial error, in view of the court's instructions not to consider them.

2.  **WITNESSES—Competency—Husband and Wife—Agency.** When, in the absence of the husband from home, the wife acts in protection of property claimed by the husband, and within the circle of the home, although without express direction, she is acting as his agent, and is a competent witness, in an action by or against him, as to what she does and says in relation therewith.

3.  **TRIAL—Refusal of Instruction—Evidence.** It is not error to refuse a requested instruction on the defense of former adjudication, where there is no evidence even reasonably tending to support such defense.

(Syllabus by Dudley, C.)

*Error from County Court, Wagoner County;*
*Leon B. Fant, Judge.*

Action by Alex C. Cobb against Charles C. McDonald. Judgment for plaintiff, and defendant brings error. Affirmed.

*Sharp & Cunningham* and *James M. Gresham,* for plaintiff in error.

*W. T. & A. C. Hunt,* for defendant in error.

Opinion by DUDLEY, C. On April 22, 1912, the defendant in error, plaintiff below, commenced this action in the justice court of Wagoner township, Wagoner county, against the plaintiff in error, defendant below, to recover $62.50 as damages for the alleged destruction of his corn by plaintiff in error's hogs. We shall refer to the parties as they were in the trial court. There was judgment for the plaintiff in the justice court, from which the defendant prosecuted an appeal to the county court, where the case was tried *de novo* to the court and jury, resulting in a judgment for the plaintiff for $20, from which the defendant has appealed.

It is first insisted that the judgment of the trial court should be reversed on account of the misconduct of the attorney for the plaintiff in his closing argument to the jury. That portion of the argument complained of is as follows:

"That it is a matter of law if the jury finds that the defendant's hired hand told the witness, Mrs. A. C. Cobb, at the time he went after the hogs in controversy that they all belonged to the defendant, then the defendant was liable for any damages that said hogs might have committed whether the same belonged to the defendant in fact or not."

Objection was made to the foregoing remarks and sustained by the court. Following this, the attorney said:

"Gentlemen, since I am not permitted to argue that question, I leave it to your judgment in this case whether or not the defendant would be liable for any damage that might have been done by any hogs which the said hired hands of the defendant claimed to be the property of the

defendant at the time he went after the hogs, whether they were in fact the hogs of the defendant or not."

To these remarks the defendant objected, and requested the court to admonish the jury not to consider the same. This the court declined to do, but after the close of the argument gave the following instruction:

"Gentlemen of the jury, in addition to the instructions given you, there was some argument at the close of the case before noon which may have confused your minds. The court wishes to instruct you that you are to take the testimony as given before you, and decide this case according to the law as given you in these instructions, without regard to any argument as to what any law may be. The court has told you in these instructions what the law is, and from the testimony before you under the law in these instructions you are to determine this case."

Counsel in making the remarks first above quoted acted improperly; in fact, it was an effort upon his part to advise the jury as to the law of the case. This was the province of the court. The trial court sustained objections to the making of these remarks, and at the close of the argument, in effect, in giving the foregoing instruction, admonished the jury not to consider these remarks. We have a right to assume that the jury followed the court's instructions, and, notwithstanding the fact that the foregoing remarks were improper, we do not feel that the case should be reversed on account thereof, in view of the additional instruction of the court after the close of the argument. *Coalgate Co. et al. v. Bross,* 25 Okla. 244, 107 Pac. 425, 138 Am. St. Rep. 915.

It is next insisted that the trail court committed error in permitting the plaintiff's wife to testify concerning the destruction of the corn by defendant's hogs, whose hogs they were, etc. The record in this connection discloses

that the plaintiff was away from home a large portion of the time, and that in his absence his wife looked after the property, and that while he was away defendant's hogs trespassed upon plaintiff's property and destroyed a portion of his corn. His wife endeavored to protect the corn by driving the hogs away, etc., and upon the trial she testified with reference to these matters. Her testimony in this respect was competent, and comes clearly within the rule permitting the wife to testify with reference to transactions where she acts as the agent of her husband. Subdivision 3, section 5050, Rev. Laws 1910. This section of our statute was adopted from the State of Kansas, and the Supreme Court of that state, in the case of *Fisher et al. v. Conway*, 21 Kan. 29, 30 Am. Rep. 419, discussing a similar question to the one under consideration here, announced this rule:

"When, in the absence of the husband from home, the wife acts in protection of property claimed by him and within the home limits, although without any express direction or agreement, she is acting as his agent, and will be a competent witness in an action by or against him as to what she does and recites."

So we say here, in the absence of the husband from his home, it was the duty of his wife to protect the property, and in doing so she acted as his agent, and what she said and did is competent evidence under the rule of agency. Mr. Justice Dunn, speaking for this court in the case of *Armstrong-Byrd & Co. v. Crump*, 25 Okla. 452, 106 Pac. 855, refers to and quotes approvingly from the case of *Fisher et al. v. Conway*, *supra*, and then says:

"Moreover, in the absence of the husband from home, if the wife acts in protection of property claimed by him and within the time limits, although without any express

direction or agreement, she is acting as his agent, and will be a competent witness, in an action by or against him, as to what she does in relation therewith."

There can be no doubt but that the testimony of the wife, under the facts and circumstances disclosed by the record, was competent under the foregoing section of our statute.

Complaint is made of the refusal of the trial court to give a requested instruction on the defense of former adjudication. There is no evidence reasonably tending to sustain such defense, and it was not error to refuse the requested instruction. *Miller Bros. v. McCall Co.*, 37 Okla. 634, 133 Pac. 183.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.