## CALLOWAY & SON v. WRENCH.

No. 9366—Opinion Filed Sept. 24, 1918.

(175 Pac. 209.)

1. Witnesses—Testimony of Wife—Agency.

When, in the absence of the husband from home, the wife acts in his interest in the protection of property owned by him and within the home limits, although without any express direction or agreement, she is acting as his agent and will be a competent witness in an action by or against him as to conversations had by another with reference to said property with her.

2. Sales—Breach of Warranty—Evidence.

The evidence in this case examined, and held, that the evidence reasonably tends to support the judgment of the trial court, and we will not interfere or disturb same upon appeal.

(Syllabus by Hooker, C.)

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by J. O. Wrench against Calloway & Son, a partnership composed of M. M. Calloway and Ben M. Calloway. Judgment for plaintiff, and defendants bring error. Affirmed.

Hills & Manatt, for plaintiffs in error.

McKeever & Moore, for defendant in error.

Opinion by HOOKER, C. This is an action for a breach of warranty, arising from the sale of two mules of plaintiff in error to the defendant in error. Wrench asserted that he was in need of these mules to harvest his wheat crop, which, on account of the season, was very hard work, and he communicated this fact to Calloway & Son, and that they sold to him two mules, which they guaranteed to be sound and able to do hard work such as desired by him, and, relying thereon, he bought the same, but that said mules were not sound nor able to do hard work as they were infected with disease, and were worthless to him.

Judgment was rendered for Wrench below for only $50, and Calloway & Son appealed here and assert that the cause should be reversed because:

(1) The court committed an error in allowing the wife of the plaintiff below to testify as to a conversation had with one of the defendants at her home in the absence of her husband, relative to the mules in question. Not so. This court in the

case of McDonald v. Cobb, 52 Okla. 581, 153 Pac. 138, said:

"It is next insisted that the trial court committed error in permitting the plaintiff's wife to testify concerning the destruction of the corn by defendant's hogs, whose hogs they were, etc. The record in this connection discloses that the plaintiff was away from home a large portion of the time, and that in his absence his wife looked after the property, and that while he was away defendant's hogs trespassed upon plaintiff's property and destroyed a portion of his corn. His wife endeavored to protect the corn by driving the hogs away, etc., and upon the trial she testified with reference to these matters. Her testimony in this respect was competent, and comes clearly within the rule permitting the wife to testify with reference to transactions where she acts as the agent of her husband. Sub-division 3, § 5050, Rev. Laws 1910. This section of our statute was adopted from the state of Kansas and the Supreme Court of that state in the case of Fisher et al. v. Conway, 21 Kan. 29, 30 Am. Rep. 419, discussing a similar question to the one under consideration here, announced this rule: 'When, in the absence of the husband from home, the wife acts in protection of property claimed by him and within the home limits, although without any express direction or agreement, she is acting as his agent, and will be a competent witness in an action by or against him as to what she does and recites.' So we say here, in the absence of the husband from his home, it was the duty of his wife to protect the property, and in doing so she acted as his agent, and what she said and did is competent evidence under the rule of agency. Mr. Justice Dunn, speaking for this court in the case of Armstrong-Byrd & Co. v. Crump, 25 Okla. 452, 106 Pac. 855, refers to and quotes approvingly from the case of Fisher et al. v. Conway, supra, and then says: 'Moreover, in the absence of the husband from home, if the wife acts in protection of property claimed by him and within the time limits, although without any express direction or agreement, she is acting as his agent, and will be a competent witness, in action by or against him, as to what she does in relation therewith.' There can be no doubt but that the testimony of the wife, under the facts and circumstances disclosed by the record, are competent under the foregoing section of our statute."

(2) That the court erred in refusing to instruct the jury to return a verdict for the defendants. There is some evidence here which reasonably supports the verdict. and substantiates the contention of the plaintiff below that the mules were represented to him to be sound and able to do hard work, and that the representation had been broken. This evidence was sufficient to take the case to the jury. This court in Woolsey

v. Zieglar, 32 Okla. 715, 123 Pac. 164, said:

"In order to constitute an express warranty, no particular language is necessary. It is not required that it shall be in writing, or be made in specific terms; and it is not at all necessary that the word 'warrant' or 'warranty' shall be used. Any direct and positive affirmation of a matter of fact as distinguished from the mere matter of opinion or judgment, made by the seller during the sale negotiations, and as a part of the contract, designed by him to induce the action of the purchaser, and actually, * * * relied upon by the latter in making the purchase, will be deemed to be a warranty. * * * A warranty arising from representations made by the seller at the time of the sale that a cow is "a first-class No. 1" milch cow implies the absence of any defect or disease which impairs or in its progress will impair the animal's natural usefulness for the purpose for which it is purchased, and is breached by any defects which render it permanently less serviceable, although the defect may not be fully developed at the time of the sale."

Appying this rule to the instant case, we can find no merit in the contention of plaintiffs in error, and this cause is affirmed.

By the Court: It is so ordered.