## BURNETT v. GRUBBS.

No. 16065—Opinion Filed Jan. 12, 1926.

**Witnesses— Competency—Husband and Wife —Agency.**

Where B. duly executes and acknowledges an assignment of a lease to G., and B. delivers the instrument to the wife of G., in the absence of G., the wife although without express direction, is acting as the agent of G. and is a competent witness in an ac-

tion by B. against G. as to what was said and done by G. relative to the delivery and disposition of the instrument at the time of its delivery by B.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Noble County; Claud Duval, Judge.

Action by Ben R. Burnett against Harry Grubbs. Judgment for defendant, and plaintiff appeals. Affirmed.

Cress & Tebbe, for plaintiff in error.

W. M. Bowles, for defendant in error.

Opinion by RUTH, C. Plaintiff alleges he purchased an individual one-half interest in a certain oil and gas lease, and for the purpose of securing sufficient money to pay the purchase price of $2,000, plaintiff sold certain interests in the lease to several different parties and delivered the checks and other moneys received from such sales to the defendant for the purpose of having defendant pay the parties from whom plaintiff purchased the lease, and that he made out assignments of the remaining three-eighths of his interests, and delivered the assignment to defendant for the purpose of enabling defendant to sell the remaining interests during the absence of plaintiff while attending the funeral of plaintiff's brother. He further alleges that defendant delivered the checks or his individual check to the original vendors of plaintiff. The petition then states defendant talked of purchasing a 30-acre interest in the plaintiff's lease, and for convenience, in the event the deal was made, plaintiff executed an assignment to the defendant and put it in his pocketbook with certain private papers, and left them in a box in the home of the defendant; that the assignment was executed March 9, 1921, and defendant filed the assignment for record on the 15th day of April, 1921, without the knowledge or consent of the plaintiff. Plaintiff alleges want of consideration and fraud, and prays cancellation of the assignment. After demurrer setting up the statute of limitations was filed and overruled and exceptions saved, the defendant answered by general denial, and a jury having been expressly waived the cause was tried to the court. Defendant demurred to plaintiff's evidence and saved exceptions to the overruling of the same, and at the conclusion of all the evidence, judgment was rendered for the defendant, and plaintiff brings this case here upon petition in error and case-made for review, and presents his cause under two propositions which may be considered under one head. Plaintiff contends the court erred in admitting the testimony of the wife of the defendant relative to the delivery of the assignment, and insists that where no special agency of the wife for the husband is shown, and the act relied on to show the agency amounts to one of the usual and customary acts common to the marital relation, the wife is then incompetent as a witness for the husband. After the wife of the defendant was sworn, plaintiff objected to any testimony by the wife, on account of the marital relation, and the court said: "Let her testify until I see whether an agency is established, and if it is not I will strike it out." The wife was then permitted to testify as follows:

"Q. Mrs. Grubbs, I hand you exhibit No. 1, and ask you to examine that and state if you ever saw it before? A. Yes, sir; that is the assignment Mr. Burnett gave me to give to my husband. Q. What did you do with it? A. I just kept it in my possession and put it with the rest of his papers. I always took care of them for him. Q. And did you tell your husband about it? A. Yes, sir. Q. Was anything done with it afterwards? A. No, we kept it until he put—sent it to town, he had it put on record about 30 days later. Q. Do you know how it was sent? A. We mailed—I think, through the mail."

Plaintiff then proceeded to cross-examine the witness on matters brought out in the direct examination, and upon other matters. We think the witness was competent to testify as to the receipt of the papers and to putting them among her husband's papers as requested by plaintiff. This was done at her home and in the absence of her husband, and she testified that she was the custodian of her husband's papers. The testimony of the filing for record was immaterial. The plaintiff had already testified that defendant filed the assignment for record on the 15th day of April, 1921, and introduced the record showing the file mark of the county clerk as of that date, and it was wholly immaterial whether the defendant took the assignment in person, or sent it by special messenger, or mailed it. We think the admission of the testimony falls squarely within the rule announced by this court in Calloway & Son v. Wrench, 73 Okla. 155, 175 Pac. 209. In the cited case the plaintiff had sold to Wrench a pair of mules, and guaranteed them to be sound and able to do the hard work required of them. The mules were delivered in the absence of Wrench, and this court held, the testimony of the wife as to the conversation had between her and Calloway & Son at the time of the delivery of the mules was competent. Citing McDonald v. Cobb, 52 Okla. 581, 153 Pac. 138, wherein it is said:

"When, in the absence of the husband from home, the wife acts in protection of property claimed by the husband and within the circle of the home, although without express direction, she is acting as his agent, and is a competent witness in an action by or against him, as to what she does and says in relation thereto."

Plaintiff next contends that, where the evidence is conflicting as to whether the assignment of an oil and gas lease has been wrongfully obtained or not, and whether the consideration had been paid or not, the admission of the incompetent testimony of the wife of the defendant, over the objection of the plaintiff, that the plaintiff had given the assignment to her for her husband is prejudicially erroneous.

The contention is without merit in the instant case, for the reason that the wife of the defendant did not attempt to testify as to whether or not any consideration had been paid for the assignment, but merely testified as to its delivery to her, and as to her disposition of it, and as the plaintiff had, in his case in chief, testified that he had placed this assignment, together with other papers, in a certain black box and delivered them to the defendant's wife, and that when the plaintiff wanted the black box, he applied to defendant's wife for the same and received the box from her, the testimony of the one is but a corroboration of the testimony of the other as to the delivery to the wife.

The admission of the testimony of the wife as herein set forth is the only question presented and argued in the plaintiff's brief, and the court being of opinion there was no error committed in its admission the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See 40 Cyc. p. 2224.