**NEW AMSTERDAM CASUALTY CO. v. BOARD of ED., CONS. SCHOOL DIST. NO. 1.**

No. 17039—Opinion Fi'ed Dec. 14, 1926.

Rehearing Denied March 8, 1927.

**1. Schools and School Districts—School District Funds—Bond of Treasurer—Liabilities of Sureties.**

Where a consolidated school district operates as an independent school district under authority of Comp. Stat. 1921, section 10404, the duties of the district treasurer in relation to the funds of the district are such as are prescribed for treasure s of independent school districts, and the liabilities of sureties on the official bond of such treasurer extend to and cover only such breaches of duty or defaults as shall occur during the term of the bond.

**2. Same.**

Where such treasurer has funds of the school district on deposit in a bank which suspends during the term of his bond, a liability arises in favor of the district by reason thereof, but where such treasurer continues in office after the term for which the bond is given, by virtue of the proviso to section 10, art. 23, Const., and before his successor is appointed the suspended bank reopens as a solvent, going concern with more cash on hand than is required to pay such treasurer's deposit, and his account in the reorganized bank is credited with the balance to his credit at the time of suspension, and where this reimbursement of the district funds is known to and acquiesced in by the board of education, and such balance is carried forward in the ledger of the new treasurer appointed soon thereafter, the board of education and the district are estopped to deny that the funds of the district temporarily lost by suspension of the bank were fully reimbursed before the new treasurer took office.

**3. Same.**

In such case, where the new treasurer is permitted by the board of education to serve without bond and the depository of the funds finally fails more than a year after he took over the office, there is no liability against the surety of the first treasurer for the funds thus lost to the district.

(Syllabus by Lodgson, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Nowata County; C. H. Baskin, Judge.

Action by the Board of Education of Consolidated School District No. 1 of Nowata County, operating as an independent school district, against G. S. Lynch, formerly treasurer of said district, and the New Amsterdam Casualty Company, the surety on his official bonds. Judgment for plaintiff, and defendant New Amsterdam Casualty Company appeals. Reversed.

This action was commenced September 8, 1924, by plaintiff filing its petition in the district court of Nowata county against the above-named defendants in three counts. By the first count plaintiff sought to recover the sum of $960 interest paid by said school district on its outstanding warrants, and the sum of $16,176.80 for monies received by said Lynch as treasurer, and which he was alleged to have failed to turn over to his successor in office. By the second count plaintiff sought the recovery of $1,326.82, being four per cent. interest on sinking funds of the district which it was alleged Lynch had failed to collect. By the third count plaintiff sought the recovery of $660 as a penalty for the alleged failure of Lynch to collect interest on daily balance on deposit during his term of office.

Certain motions and orders were filed and entered in the case which are not material to be considered here, and on October 4, 1924, default judgment was entered in the case. On April 10, 1925, defendant filed its petition to vacate said default judgment, and after the issues were made up on the petition to vacate the case was heard on said petition June 9, 1925. resulting in the vacation of said default judgment. Thereafter the case was tried on its merits June 30, 1925, before the court without a jury, and resulted in a judgment in favor of the plaintiff against the defendant Lynch in each of the three counts, and against the defendant New Amsterdam Casualty Company on the first count, for the sum of $12,000. The judgment against the surety company was conditioned that, if payment of the judgment against Lynch could be made by him, such payment should be in satisfaction of the judgment against the surety company. After unsuccessful motion for new trial the defendant New Amsterdam Casualty Company has brought the case here by petition in error with case-made attached for review.

Harris, Spielman, Thomas & Harris, for plaintiff in error.

J. Wood Glass and Floyd A. Calvert, for defendants in error.

Opinion by LOGDSON, C. Of the numerous errors assigned in the petition in error only those embraced by the first propo-

sition stated in defendant's brief will be considered. That proposition is:

"The trial court erred in rendering judgment for the plaintiff against this defendant for the sum of $12,000 on plaintiff's first cause of action, in that said judgment was not sustained by the evidence and was contrary to the evidence and was contrary to law."

It the consideration and determination of this proposition it will be necessary to state in abstract form the salient facts disclosed by the record of the trial. Those facts may be summarized thus:

G. S. Lynch was treasurer of consolidated school district No. 1, Nowata county, which was operating as an independent school district by authority of Comp. Stat. 1921, section 10404, for a term ending June 1, 1922, and the bonds of the defendant New Amsterdam Casualty Company were executed, covering that term in the form shown by the exhibits attached to plaintiff's amended petition. These bonds showed on their face that they expired June 1, 1922. The board of education appointed no successor to Lynch until August 21, 1922, when William Grover was named. Neither Lynch nor Grover was required to furnish any official bonds from and after June 1, 1922. Lynch had left Lenapah in May, 1922, and did not return there to live. He continued as treasurer, however, and made certain deposits and paid certain warrants and caused certain debits and credits to be entered against his account as treasurer in June and July, 1922.

Lynch carried his accounts as treasurer in the Citizens National Bank of Lenapah, of which he was cashier. In February, 1922, this bank closed its doors temporarily. On June 19, 1922, the bank reopened under a new management, with a new capital and surplus of $30,000, paid in, with new officers, but in the same building, under the same charter, and with the same name.

On June 30, 1922, at the close of the fiscal year 1921-22, Lynch, as treasurer, carried the moneys of the district on deposit in the bank in three accounts as follows:

| | |
|---|---|
| General fund | $9,123.09 |
| Sinking fund | 9,322.12 |
| Separate school fund | 2,651.80 |

Making a total of $21,097.01

On July 22, 1922, the board of education filed its financial statement for the 1921-22 fiscal year, and its estimated needs for 1922-23, duly certified and sworn to by its president, Cal Harvey, and its clerk, W. J. Jarboe,

and the same was posted in five public places in the consolidated school district by F. A. Seibert, superintendent of plaintiff district, as there was no newspaper published in the district. This financial statement carried forward as cash the amount on deposit in the bank, as shown by the bank's books and the treasurer's ledger, on June 30, 1922. Thereafter, the bank, in making a new ledger, consolidated these accounts under one heading, styled "William Grover, Treasurer, Consolidated School District No. 1," which account was opened with the first entry of "For'd from old ledger, $21,097.01," being the exact total of the three funds carried by Lynch. On October 10, 1922, the Citizens National Bank changed its name to the First National Bank with the authority of the Comptroller of Currency, and continued doing business until November 20, 1923, when it failed. Grover continued depositing money of the district in this account and checking upon the same so long as the bank remained open. The account itself shows that he began with the Lynch balance, and thereafter deposited more than $40,000, and checked out over $45,000. When the bank failed he had on deposit $15,977.60.

Two bonds were executed by defendant and both by their terms expired June 1, 1922. The obligatory language in both instruments is the same, and is in the usual form of such instruments. They were intended to meet the requirements of law as official bonds (Comp. Stat. 1921, section 10417), and the oath of the treasurer, as prescribed by section 10428, Id., became a part of such bonds. G. S. Lynch performed his duties as treasurer faithfully and well during the period covered by the two bonds, except that he failed to collect from the depository interest on daily balances as required to be done by Comp. Stat. 1921. section 8577, and failed to call in warrants promptly when he had funds on hand with which to pay same, as required to be done by section 8634, Id. It is charged that he failed and neglected to invest sinking funds of the district in interest bearing securities, but authority to do this is vested solely in the board of education. (Comp. Stat. 1921, section 10433.) During Lynch's term of office, and in February, 1922, the depository closed its doors temporarily, and during its suspension two warrants were presented for payment and payment refused at that time, but when the bank reopened these warrants were paid, while Lynch was still acting as treasurer. There is no claim that Lynch misappropriat-

ed any funds of the district; or that he is guilty of any embezzlement.

Plaintiff's claim in the lower court was, and in this court is, that if Lynch had retired the district's warrants as rapidly as he had funds on hand for that purpose, his balance on hand to turn over to his successor would have been much smaller, and the loss to the district would have been correspondingly less when the bank failed 16 months later with $15,977.60 of the district's funds on deposit. Upon this contention plaintiff bases its claim of rightful recovery against the surety on Lynch's bonds. It naively overlooks the very obvious fact that if the board of education of the district had obeyed the plain and simple mandate of the law, and required of the new treasurer an official bond commensurate with the amount of district funds entrusted to him, the district would have been protected when the bank failed. (Comp. Stat. 1921, sections 10386, 10417). Instead, he was permitted to act without bond, and from August, 1922, until the bank failed in November, 1923, he collected, in addition to the balance left by Lynch, and which was credited to his account as treasurer by the bank, and disbursed, more than $40,000 of the district's funds. That the district has suffered through this dereliction of its chosen officers must be conceded, but its right to recoup itself from the surety on Lynch's bonds must rest on established and recognized legal principles before it can be sustained. In the case of Board of Education of City of Alva v. Fulkerson et al., 72 Okla. 170, 170 Pac. 599, this court had under consideration the liability of a surety on the official bond of a district treasurer given to cover his first term of office for defalcations committed during his immediately succeeding second term, and for which he had executed no new bond. The conclusion reached is stated in the second paragraph of the syllabus, thus:

"F. was elected treasurer of a school district in April, 1908, and gave a bond with sureties, to account for funds coming into his hands during his term of office, and in April, 1909, at the next election provided by law, was re-elected to the same office, and entered upon the duties thereof on the 7th day of May thereafter, and continued in office but without giving a new bond. Held, that the sureties on the bond given upon his first election are not liable for defaults occurring after the commencement of his second term."

At the expiration of Lynch's term of office on June 1, 1922, if a successor had been appointed to whom it became his duty to render an accounting, there can be no question that he would have been short in his cash account to the amount of the balance of the district's funds then on deposit in the suspended bank. His surety would then have been liable to the extent of its undertaking unless Lynch made the shortage good. This he did on June 19, 1922, when the suspended bank reopened its doors as a going concern with a paid-in capital and surplus of $30,000, and credited the district treasurer with the amount of the balance shown at date of suspension. Lynch was still treasurer at that time by reason of the proviso to section 10, art. 23, Const., and by reason of the failure of the board to act under section 10387, Comp. Stat. 1921, after Lynch removed from Lenapah in May, and this manner of reimbursement of the district funds was acquiesced in and ratified by the board of education when it, with full knowledge of the facts, took credit for this deposit in the bank in the preparation of its financial statement and budget estimate for the fiscal year 1922-3. It is now estopped to assert a liability against Lynch or his surety for this balance on deposit in the bank on and after June 19, 1922, and which it permitted to remain there for more than 12 months to the credit of its acting treasurer who had not qualified by giving bond as required by law. This estoppel was specifically pleaded and relied on by defendant. No demand was made upon the surety, nor action of any kind commenced, between the date of suspension and the reopening of the bank.

The only other defaults covered by the bonds were the items of interest on daily balances, which the treasurer failed to collect, and the accruing interest on outstanding warrants which the treasurer had failed to call for or retire promptly. These items have never been reimbursed to the district and Lynch or his surety should be required to pay them.

For the reasons herein stated, the judgment of the trial court is vacated, and the cause is remanded, with directions to grant a new trial of the action.

By the Court: It is so ordered.