This is an action by independent school district No. 3, of the town of Hickory, Murray county, as plaintiff, against Robert F. Buchanan and American Surety Company, as defendants, on the official bonds of Buchanan given by him as treasurer of Murray county, to recover funds belonging to the school district which plaintiff alleged were paid out and disbursed unlawfully and without authority of law by the defendant to one William Mosely, Jr., acting treasurer of the school district. The cause was tried to a jury, resulting in a verdict and judgment for the defendants, from which the plaintiff has appealed.
The several grounds of error assigned may be considered under assignment No. 11:
"That the judgment of the trial court is contrary to law, and is not supported by sufficient evidence."
There is little dispute as to the facts in the case, the principal difference between plaintiff and defendants being the interpretation and application of the law as applied to the facts. The record discloses in part that the defendant Buchanan was elected to the office and assumed the duties of county treasurer of Murray county in July, 1921, *Page 13 
was later re-elected to the office, and continued to serve as such treasurer until January 1, 1925; that he gave bonds as provided by law, the ones sued upon in this action; that during his term of office, he disbursed and paid out to one William Mosely, Jr., at various times and dates, certain sums of moneys belonging to the plaintiff school district, upon warrants indorsed and presented to him by the said William Mosely, Jr., which warrants were in the following form:
"Office of the Clerk of Murray County to the Treasurer of Murray County, Oklahoma. June 28, 1921. On demand, pay to the order of the treasurer of school district No. 3 $_____, the amount said school district through you collected for the month of June, as shown by the records of this office as follows: (stating amounts) Signed, Willie Raye Dotson, County Clerk. I hereby certify that William Mosely, Jr., is the legal treasurer of the above school district, and that his bond as such has been filed and approved as provided by law. * * *"
"(Signed) Tom McGibboney.
"County Superintendent of Schools."
— the form of such warrant having been prepared and furnished by the State Examiner and Inspector.
The evidence on behalf of plaintiff was in part and substance: An audit of the school district No. 3 covering a period from July 1, 1921, to January 2, 1926, which was admitted upon the stipulation that it was an audit by a member of the State Examiner and Inspector's office and that if he were present he would testify that it was correct. Also, the testimony of Solon Watson, a former member of the school board, who became a member of such board in March, 1924, who stated that after he became a member he made inquiry as to who was the treasurer of the school district, and if he was under bond; that Bill Mosely claimed to be treasurer; that he, witness, did not learn whether or not he ever made bond; the other two members of the board told him he had not; witness said he went to see the county school superintendent and she could tell him nothing; went to the defendant Buchanan, and told him that he thought Mosely was not under bond, and that the board wanted him to stop payment of the money until there was a bond made, and the defendant said he was going up to the bank to see Mosely's book, and investigate it, and see whether he was under bond or not; he later received a letter from the defendant dated May 28, 1924, which letter was introduced in evidence, the substance of which is as follows:
"I went to the bank and William showed me his books which appear to be kept in good order, and show that the district have sinking fund on hands in the bank $6,447. William said any time you would come over he would prepare and furnish you with a complete statement of the financial condition of the district."
Plaintiff also introduced as a witness the then clerk of the school district, who testified that he had been such clerk since April, 1926; that he had made a search of the books and records of the school district, but was unable to find any record where William Mosely was ever elected treasurer, or where he ever gave a bond as such; that he was present when the witness, Watson, spoke to the defendant about the bond of the school treasurer; that such other witness informed the defendant that he did not think that Mr. Mosely was bonded, and that he, the defendant, had better investigate it.
On cross-examination the witness stated that he did not know whether he got all the books and records that belonged to his office, he hardly thought so; that William Mosely acted as treasurer of the school district; that Mosely registered the warrants of the school district; no one else attempted to act as treasurer.
The defendant introduced the testimony of two former members of the school board, who testified, in substance, that they were members of the school board during the year 1921, during which time the board elected William Mosely, Jr., as treasurer of the school district, but that they did not know whether he ever gave a bond or not. Also, the deposition of a witness who testified that he was clerk of the school board for a number of years, including the year 1921, during which time the board elected William Mosely, Jr., as treasurer; that he, as clerk, made a record of such election in the minutes and records of the school board, but was unable to say whether Mosely gave a bond or not; that he, Mosely, acted as treasurer of the school district.
The defendant Buchanan testified that, during his term of office, William Mosely, Jr., acted as the school district treasurer; that he paid the funds of the district to him on regularly drawn warrants, the same as he did to other school districts; that he supposed he was under bond; denied that the witness, Watson, ever told him that he ought to recover the money previously paid, and not to pay Mosely any more money; stated that Watson asked him to find out the amount of the school district sinking *Page 14 
fund, which he did; that the reason he went to the Peoples State Bank was to check up on certain school district warrants which the bank had deposited with him; further stated that the witness, Watson, said he did not know whether Mosely was under bond, and that he, defendant, in reply, told him if he had any doubt, it was his business as a member of the school board to investigate; that his, defendant's, records showed that he was under bond, and the warrants that he was paying the money on.
There was also introduced by the defendant three financial statements and estimated needs of the plaintiff school district, which statements were signed by certain members of the plaintiff school district board, including William Mosely, Jr., as treasurer. The record and estimates disclose that William Mosely, Jr., acted as treasurer of the school district, and was recognized as such from the early part of the year 1921 until about January 1, 1926; that he was cashier or president of the Peoples State Bank of Hickory, and carried an account in such bank as treasurer of the district; that the bank failed about January 2, 1926, and that William Mosely absconded about that date. According to the records of the bank, Mosely had $640 to his credit as school district treasurer at the time the bank failed, while it is contended by plaintiff that he should nave had about $14,445, a portion of which was paid him by the county treasurer who succeeded the defendant in office.
The plaintiff contends that a bonded officer charged with the receipt and disbursement of public money is held to a strict accounting, and if he pays out money or loses it, it matters not how honest his intentions are, he and his bondsmen are liable; that it is the duty of the treasurer to ascertain that one representing himself as treasurer of an independent school district is the treasurer, and that he has given bond as required by law; that when the county treasurer received information that Mosely was not under bond, it became his duty to investigate the truthfulness of such report, and he is liable for all moneys paid to such person after receiving such information. While the defendant contends he paid out the funds of the school district as provided by law upon legal warrants signed by the county clerk and certified to by the county superintendent of schools, that the evidence was insufficient to overcome the legal presumption that Mosely was the de jure treasurer, but that, in any event, Mosely was the de facto treasurer, and as such entitled to collect the funds; that the title of a de facto to officer cannot be collaterally attacked, and that the jury found that the defendant did not have notice that Mosely had not given bond.
Our attention is called to the provision of section 10386, C. O.S. 1921:
"The school boards in independent districts except cities shall elect a school treasurer who is not a member of the board, and who shall give bond for the faithful performance of his duties in such sum as may be fixed by the board."
Also section 9658, C. O. S. 1921:
"The county treasurer shall, at the end of each month, after apportioning the collections of that month, make a statement to the clerk of the amount apportioned each town, city, municipal township and school district for all moneys which are required by law to be paid to the treasurers of such towns, cities, municipal townships and school districts by the county treasurer, and the county clerk shall issue a warrant for the amount shown by the statement of the county treasurer, payable to the treasurer of such town, city, municipal township and school district; the form of the warrant and the manner in which they shall be turned over to the various treasurers of the towns, cities, municipal townships and school districts shall be prescribed by the State Examiner and Inspector to conform with the system of bookkeeping now established."
We have considered the text authorities and decisions from this and other state courts cited by both of the parties in support of their contentions. We find no case similar in facts to those presented in this appeal; however, we do find decisions from this court which appear to enunciate the proper rules and principles to be applied in the instant case. Were we to assume that the evidence was sufficient to establish and show that William Mosely, Jr., was not the de jure treasurer of the plaintiff school district, the record is sufficient to show he was the do facto treasurer. He acted as treasurer for the school district at all times during the defendant's term of office, and was considered and recognized as the school treasurer by the school board. No other person claimed the office or assumed to act as treasurer.
In the body of the opinion of the case of Board of Education of City of Alva v. Fulkerson et al., 72 Okla. 172,179 P. 599, which was an action to recover on a school treasurer's bond, and in which it was held that the sureties on such bond were not *Page 15 
liable for default by the treasurer which occurred subsequent to the expiration of the bond, it is there said:
"Under section 7797, supra, if the treasurer fails to perform any of the duties of his office, and certainly the execution of the bond is one of his highest duties, he forfeits the office to which he was elected or appointed. Fulkerson entered upon the duties of his office on the first Monday in May, 1909, but, having failed to execute the bond required by law, his office was subject to forfeiture, and the county superintendent could have appointed some one in his stead, but since the authorities failed to either forfeit Fulkerson's office or to require him to make and file a new bond, he became treasurer de facto of the district."
In the syllabus in the case of Board of Com'rs of Grant County v. Soucek, 128 Okla. 151, 261 P. 947, which was a suit upon the official bond of a county treasurer, it was said:
"Under section 5727, C. O. S. 1921, directing the board of county commissioners to designate the depository for the deposit of the county's funds coming into the hands of the county treasury and requiring such depository to furnish bond or other security, the position of the county treasurer is similar to that of a bailee for hire, and he is only required to exercise good faith and reasonable skill and diligence in the care and protection of the county's funds intrusted to him. * * * As to whether such county treasurer has exercised good faith and reasonable skill and diligence is a question of fact to be determined by the jury, and on such question of fact, the jury's verdict will not be disturbed on appeal where there is any evidence reasonably tending to support it."
The section of the statute No. 5727, supra, referred to in that opinion, provides that the surety bond required to be given by the depository shall be at all times in the custody and under the control of the county treasurer. In that case it appears the county treasurer failed to call the attention of the board of county commissioners to the fact that the, depository bond had expired, and after the expiration of the bond, the bank became insolvent, and the plaintiff sought to recover on the treasurer's bond the balance due it.
In the body of the opinion the court said:
"It may be said with some degree of justice that, when the bank's bond expired, it was the duty of defendant to call that fact to the attention of the board of county commissioners, but the duty of requiring the depository bond is placed upon such board, and whether the defendant insisted that the bond be renewed, or whether he withdrew the funds from the bank, are both questions which may properly be considered in determining whether he exercised reasonable skill and diligence.
"The record in this case, viewed in the light of the above-cited authorities, leads us to the conclusion that when defendant followed the direction of the board of commissioners and deposited the county's funds in depository provided therefor by said board of county commissioners, he then owed no greater duty than to exercise ordinary care as a bailee for hire, and whether he exercised ordinary care was a question of fact for the jury, and, the jury having specifically found that he did use ordinary care and diligence in depositing said funds, we are bound by such verdict."
If the county treasurer in that case be not liable on his bond, he being the custodian of the depository bond, it would appear that the defendant in the case at bar could not be said as a matter of law to be guilty of negligence or liable on his bond, the jury having found generally in his favor. Defendant had no authority to fix the amount of the school treasurer's bond, nor is he made the custodian of such bond by statute. Defendant paid out the funds of the district to the recognized treasurer of the district upon legal warrants signed by the county clerk and certified to by the county superintendent upon forms prepared and furnished by the State Examiner and Inspector.
It is contended by plaintiff that the defendant Buchanan had sufficient notice from a member of the school board to put him on inquiry to ascertain if Mosely had given bond. Upon this point the trial court gave the following instruction:
"If you should find in this case that the said William Mosely was assuming to act as the treasurer of the plaintiff district without having made an official bond as provided by law, and you further find that this fact was known to the defendant, or that the defendant was in possession of such knowledge and information that he should have known of such fact, and that with such knowledge paid the funds of said district to Mosely and the district thereby incurred a loss, then you should find for the plaintiff and against the defendants. Excepted to by defendants and exceptions allowed."
The verdict of the jury was a general verdict in favor of the defendant, which was in effect a finding in favor of the defendant upon all the disputed questions submitted, and if there was sufficient evidence to sustain the verdict, we are bound thereby.
The officers of the plaintiff school district *Page 16 
whose duty it was to fix the amount of the treasurer's bond, and who, it would seem, would be required to see that a proper bond was given, now, since no bond is produced and there is a shortage, seek to recover the loss from the defendant and his bondsmen. That the school district has suffered loss is conceded, but the right to recover from the defendants must rest on established and recognized legal principles. New Amsterdam Casualty Co. v. Board of Ed., Cons. School Dist. No. 1, 124 Okla. 101, 253 P. 1012.
We are of the opinion that the verdict and judgment might be sustained, if necessary, alone upon the ground that there was insufficient evidence to overcome the legal presumption and inference that the school treasurer had properly qualified and had authority to act as such officer. Garrett v. State ex rel. Attorney General, 113 Okla. 63, 238 P. 846.
We have read the entire record in this cause, and considering the same in the light of the verdict of the jury and the decisions of this court, we are of the opinion that the evidence reasonably supports the verdict, and that the record does not show any reversible error.
The judgment of the trial court is therefore affirmed.
BENNETT, TEEHEE, REID, and DIFFENDAFFER, Commissioners, concur.
By the Court: It is so ordered.
Note. — See "Appeal and Error," 4 C. J. § 2834, p. 853, n. 61. "Counties," 15 C. J. § 197, p. 520, n. 14; § 211, p. 528, n. 77.