CITY OF BRISTOW v. SCHMIDT et al.

No. 23753. Jan. 22, 1935.

Cheatham & Smith and Johnson & Jones, for plaintiff in error.

T. L. Blakemore, for defendants in error.

PER CURIAM. For convenience the parties will be referred to as they appeared in the trial court.

The plaintiffs, Roxie Schmidt an adult person, and her three minor children, sued the defendant, the city of Bristow, for damages alleged to have been sustained by them as the owners of certain property in the city of Bristow occasioned by damage to buildings and loss of rents, alleging in substance that said city was negligent in constructing and installing a storm sewer in a well-defined water course or ravine adjacent to the property owned by plaintiffs' and in paving Fifth street in said city across such ravine without providing sufficient outlet under said Fifth street for the waters ordinarily flowing in such ravine. The specific acts of negligence alleged were in constructing such sewer above the top of the natural water course without providing sufficient outlet under Fifth street, and not providing on the streets in the watershed sufficient manholes and connections to drain off the waters falling thereon; in not providing adequate manholes in connection with such sewer; in not keeping manholes and sewer free from debris and permitting the same to become clogged with sand.

The defendant denied negligence and alleged that the damage, if any, sustained by the plaintiffs, was consequential, resulting only from a lawful act performed by it in a prudent manner; and, by amendment to answer filed at the time the case was called for trial, pleaded limitation as a bar to recovery in that plaintiff would be limited in recovery to damages sustained during a period of two years immediately preceding the filing of the action.

The defendant first urges that no actual negligence was alleged or proven, in that whatever damage plaintiffs sustained was consequential, as a result of the grading and construction of Fifth street.

We have read the record with considerable care, and there is much testimony to the effect that adjacent to the property belonging to plaintiffs there was a ravine or natural water course; that about 1921, the city of Bristow laid a 48-inch storm sewer in this ravine adjacent to plaintiffs' property; that abutting plaintiffs' property on one side is Fifth street in said city; that about 1922 or 1923, said Fifth street was graded and paved over and across such ravine and the sewer that had been placed therein; that subsequent to the grading and

installation of said paving and following ordinary rains, water cannot escape under said Fifth street and along and down what was theretofore the natural course of said water in said ravine, and same would form a pond or lake and back up and submerge the property of plaintiffs. In fact, counsel for defendant said in his opening statement to the jury:

"Oh, yes—the testimony will disclose in this case that when Fifth street was graded down there, that it just naturally made a pond, just like you would go out on any drain on your farm and build an embankment across there; the water will stand in there. That is what happened here."

Doubtless it is true that a city is not liable for consequential damage resulting from proper construction or erection of a public improvement, but it is settled in this jurisdiction that the construction of a high embankment, stopping the natural flow of water over a well-defined watercourse without providing an outlet therefor, is not proper construction, and that a city is liable for resulting damages therefor. Such is the holding of this court in the case of City of Tulsa v. Grier, 114 Okla. 93, 243 P. 753. Therein it was said:

"Plaintiff in error also contends under this assignment that a city is not liable in fixing its first grade, and cites in support thereof Adams v. Oklahoma City, 20 Okla. 519, 95 P. 975, and Mangum v. Todd, 42 Okla. 345, 141 P. 266, L. R. A. 1915A, 382. While it is true that the ordinary rule is that a city may not be liable if the improvement is properly constructed, that does not apply in this case. It is not a proper construction to build a high embankment and stop the natural flow of water through a well-defined course and provide no outlet therefor.

"In City of Globe v. Shute, 22 Ariz. 280, 196 P. 1024, the court said:

"'If the allegations of the complaint are true, the city diverted the water flowing in the McCormick wash and conveyed it by means of a drain in the neighborhood of the plaintiffs' premises. The drain was too small to carry the water, rubbish, etc., which came down the wash in the time of a freshet, and, as a consequence, the drain became clogged and the water overflowed and flooded the premises of the plaintiffs and damaged their goods. Clearly the city was guilty of a positive act of wrongdoing and cannot be heard to defend on the ground that in building the drain the city was in the performance of a public duty, exercising quasi judicial or discretionary powers as to the capacity, size, and dimensions of the drain, and is therefore not

liable. It is true the city had the right to build the drain, but it had no right to commit what was practically a trespass upon the plaintiffs' premises. A municipality has no greater right than an individual to divert the waters of a natural stream by means of an insufficiently constructed drain or other artificial channel, and thereby damage the property of an abutting owner. This is clearly the law.'

"No case has been called to our attention where the city has stopped the course of water running through well-defined banks and not been held liable for damages. In surface waters only, a different rule may exist, but from the proof in this case, the waters complained of here can not be held to be surface waters alone."

Under this rule from this court, there is no merit in the first proposition.

It is next urged that the court erred in permitting the husband of the plaintiff, Roxie Schmidt, to testify, urging his disqualification as a witness under the third subdivision of section 589, C. O. S. 1921 (sec. 272, O. S. 1931). An examination of the record discloses that the agency of the husband was clearly established by the evidence before he was permitted to testify, and we think under the following authorities his evidence was competent: McDonald v. Cobb, 52 Okla. 581, 153 P. 138; Bagg v. Shoenfelt, 71 Okla. 195, 176 P. 511; Burnett v. Grubbs, 115 Okla. 302, 242 P. 1035; Knappenberger v. Bice, 146 Okla. 14, 293 P. 781.

It is urged that the court erred in in structing the jury. An examination of the record fails to disclose that exceptions were saved to any of the court's instructions, and of course it is elementary that error cannot be predicated upon rulings of the trial court that are not excepted to.

Under the fourth proposition it is asserted that the action is barred by limitation, and by supplemental typewritten brief specific attention is called to the recent case from this court, City of Okmulgee v. Weimer, 155 Okla. 218, 8 P. (2d) 740. This court, in the Weimer Case, supra, re affirmed the rule announced in Pahlka v. C., R. I. & P. Ry. Co., 62 Okla. 223, 161 P. 544, and in the City of Tulsa v. Grier, supra, to the effect that, where the actual injury is not the obvious or necessary re sult of the erection of the improvement, the cause of action arises at the time of the actual injury and not at the time of the erection of the structure; and that where the cause is permanent and the injury is the obvious or necessary result, the cause of action arises at the time of the erection of the improvement.

The defendant city, however, in this case did not plead the cause to be a permanent one and the injury the obvious and necessary result thereof, but rather treated the action as one for temporary damage, and pleaded limitation only to the extent that plaintiffs would be limited in their recovery to the damages accruing within a period of two years prior to the institution of the action.

The trial court, however, by its instructions, eliminated all questions of permanent damage, and confined the jury's consideration to temporary damages accruing from the first of 1926 to the institution of this action. As above pointed out, no exception was saved to this instruction of the court. The defendant having tried the action in the trial court on the theory that it was one for recovery of temporary damages, will not be permitted to now assert in this court that it was one for permanent injury and therefore barred in its entirety.

Finding no error, the judgment of the trial court will be affirmed.

The Supreme Court acknowledges the aid of Attorneys Harry Hammerly, Adrian Melton, and B. B. Barefoot in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hammerly and approved by Mr. Melton and Mr. Barefoot, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.